**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **VINCENT LABARBIERA,**<br><br>*Plaintiff,*<br>v.<br><br>**JOSEPH VARTOLONE, in his capacity as Councilman and Individually, CHRISTOPHER DIPIAZZA, in his capacity as Councilman and Individually, JEANNE WEBER, in her capacity as Councilwoman and Individually, BOROUGH, OF PARAMUS, and JOHN DOE 1-10,**<br><br>*Defendants.* | **CERTIFICATION OF**<br>**LEONARD E. SEAMAN**<br><br>Civ. Acton No.: 2:21-cv-3400JMV-JBC |

---

**BRIEF ON BEHALF OF DEFENDANT, CHRISTOPHER DIPIAZZA**
**IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED**
**COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF**
**MAY BE GRANTED**

---

THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
250 Moonachie Road, Suite 102
Moonachie, New Jersey 07074
Tel: (201) 440-0675
Attorneys for Defendant, Christopher DiPiazza

Richard Malagiere
Leonard E. Seaman
   On the Brief

# TABLE OF CONTENTS

Table of Authorities .................................................................................... ii

Preliminary Statement ................................................................................ 1

Statement of Facts ...................................................................................... 3

Legal Argument .......................................................................................... 8

    I.  The Standard of Review ........................................................... 10

    II. The Amended Complaint Fails to Allege Infringement on Plaintiff's Constitutional Rights Sufficient to State a Claim for Relief Under the NJCRA or § 1983 ................................................................ 11

    III. Plaintiff's New Allegations Fail to State a Claim for Which Relief May be Granted ........................................................................ 14

        A. Count Five – Civil Conspiracy ....................................... 14

        B. Count Six – Official Misconduct ................................... 15

        C. Count Seven – Improper/Unlawful Disclosure of Confidential Information ................................................................... 17

        D. Count Eight – Intentional Infliction of Emotional Distress ........... 18

        E. Count Nine – Defamation ............................................. 19

    IV. The Individual Defendants Are Absolutely Immune for Their Legislative Acts .................................................................................... 20

Conclusion ............................................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)................................................................. 9, 10, 18

*Banco Popular N. Am. v. Gandi*, 184 N.J. 161 (2005) ................................................ 14

*Bd. of Regents v. Roth*, 408 U.S. (1972) ...................................................................... 12

*Bd. of Regents v. Roth*, 408 U.S. 564 (1972) ................................................................. 2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................... 9, 10, 18

*Bisbee v. John C. Conover Agency*, 186 N.J.Super. 335 (App.Div.1982)................... 17

*Bogan v. Scott-Harris*, 523 U.S. 44 (1998) ..................................................... 20, 21, 22

*Connelly v. Lane Constr. Corp.*, 809 F.3d 780 (3d Cir. 2016) .............................. 11, 19

*Cort v. Ash*, 422 U.S. 66 (1975) ....................................................................... 15, 16

*Dyche v. Bonney*, 277 F. App'x 244 (3d Cir. 2008) ...................................................... 13

*Filgueiras v. Newark Pub. Sch.*, 426 N.J. Super. 449 (App. Div. 2012) ................... 13

*Gomez v. Toledo*, 446 U.S. 635 (1980) ....................................................................... 10

*Kotok Building v. Charvine Co.*, 183 N.J. Super. 101 (Law Div.1981)..................... 20

*Landriani v. Lake Mohawk Country Club*, 26 N.J. Super. 157 (App. Div. 1953) ..... 14

*Matter of State Comm'n of Investigation*, 108 N.J. 35 (1987) ............................. 15, 16

*Morgan v. Union County Bd. of Chosen Freeholders*, 268 N.J. Super. 337
   (App.Div.1993) *certif. denied*, 135 N.J. 468 (1994) ........................................... 13, 14

*Morgan*, 268 N.J. Super. at 364 ................................................................................. 14

*National Bowl-O-Mat. v. Brunswick Corp.*, 264 F.Supp. 221 (D.N.J.1967) .............. 20

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ..................................... 9

*Pipkin v. Pa. State Police,* 693 A.2d 190 (Pa. 1997) ................................................. 13

*Printing Mart—Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739 (N.J. 1989)........... 20

*Rivkin v. Dover Twp. Rent Leveling Bd.*, 143 N.J. 352 cert. denied, 519 U.S. 911 (1996) ................................................................................................ 10, 11

*Romaine v. Kallinger*, 109 N.J. 282 (1988) ........................................... 17, 18

*Tenney v. Brandhove*, 341 U.S. 367 (1951) ................................................. 21

*Zoneraich v. Overlook Hosp.*, 212 N.J. Super. 83 (App. Div. 1991) ........... 20

**Statutes**

42 U.S.C. § 1983.................................................................................... passim

N.J.S.A. 10:6-1 to -2 .................................................................................... 3

*N.J.S.A.* 30:4-24.3 ...................................................................................... 17

*N.J.S.A.*2A:4A-60 ....................................................................................... 17

**Other Authorities**

A. Benjamin Spencer, *Plausibility Pleading*, 49 B.C.L.Rev. 431 (2008) .................. 10

*N.J. Model Civil Jury Charge* 3.11A......................................................... 19

**Rules**

*Fed. R. Civ. P.* 12 (b)(6)............................................................................ 8

*Fed. R. Civ. P.* 8(a)(2).......................................................................... 9, 10

**Treatises**

Page Keeton & William L. Prosser, PROSSER & KEETON ON TORTS (5th ed., 1984).... 17

**State Constituional Provisions**

N.J. Const., Art. I, Para. 6........................................................................ 12

**State Chapter Laws**

L. 1978, c. 95 ............................................................................................ 16

L. 1979, c. 178 .......................................................................................... 16

## <u>PRELIMINARY STATEMENT</u>

In this action, Plaintiff, Vincent LaBarbiera, has sued because of delays in his appointment to the police force in the Borough of Paramus. Defendants are the Borough of Paramus and the three Republican members its borough council who would not vote in favor a resolution to hire him. This led to a legislative impasse because the 3-3 tie (along party lines) could not be broken since his father, the Borough's Mayor, recused himself and would not vote with his fellow Democrats to adopt the resolution. This continued until Plaintiff's father was excused from his apparent conflict of interest by a state court judge which led the governing body to adopt the resolution and give Plaintiff a job.

Plaintiff's Amended Complaint suffers from the same defect that his first pleading did. At its heart, this case is about Plaintiff not getting a job. Plaintiff's original complaint, brought solely on the basis of New Jersey state law, was dismissed by the state court because Plaintiff lacked a constitutionally protected property interest in his prospective government employment. Nothing will ever change that.

Given an opportunity to re-plead his case, Plaintiff included an allegation that "The actions of Defendants … violate the clear mandates of … Federal Law and the United States Constitution, including but not limited to 42 U.S.C. § 1983" (ECF No. 1-3, Amended Complaint ¶ 52), prompting removal of the case to this Court (ECF No. 1, Petition for Removal). That still does not change the analysis. His rights under federal law, including § 1983, are not any broader than his state

1

constitutional claims were. To the contrary, the New Jersey state court decision relied on by the state court to dismiss the state based civil rights claims in the original complaint drew directly from the Supreme Court's interpretation of § 1983 in *Bd. of Regents v. Roth*, 408 U.S. 564, 578, (1972).

His claims that the delay in hiring him for a job violated his civil rights—based on either the state or federal constitution—will always fail due to the absence of protected property interest. He cannot add anything to the calculus that will change that, and his Amended Complaint does not do so. Those claims must be dismissed for the same reasons the state court dismissed them in the first place.

In addition to rehashing his original allegations without adding substance capable of overcoming the previous dismissal, Plaintiff attempts to allege five "new" causes of action, purportedly sounding in civil conspiracy (Count Five, Amended Complaint, ¶¶ 115-123), official misconduct (Count Six, Amended Complaint, ¶¶ 124-128), dissemination of confidential information (Count Seven, Amended Complaint, ¶¶ 129-138), intentional infliction of emotional distress (Count Eight, Amended Complaint, ¶¶ 139-144), and defamation (Count Nine, Amended Complaint, ¶¶ 145-157). In these courts Plaintiff has either failed to meet the factual pleading standards required by *Fed. R. Civ. P.* 8, has failed to allege wrongs that legally make out a claim for relief, or both. As a result, those claims should be dismissed as well.

Finally, even if all of the allegations raised were sufficient to state legally recognized claims of damage to a constitutionally protected interest, Defendants, as local legislators, are cloaked with immunity for what amounts to nothing more than the way they chose to exercise their votes on an issue before the governing body.

2

## <u>STATEMENT OF FACTS</u>

Plaintiff brought this action in the Superior Court of New Jersey alleging only violations of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2 (the "NJCRA") and related common law tort claims. On Defendant, Christopher DiPiazza's, motion to dismiss, the complaint was dismissed without prejudice with an opportunity to file an amended pleading. Plaintiff filed an Amended Complaint, including, for the first time, allegations that Defendants' conduct also violated the United States Constitution and federal law, including § 1983. Based on this new allegation, raising a federal question, DiPiazza removed the matter to this Court (ECF No. 1).

The dispute central to this matter is Plaintiff's claim that he was denied employment as a police officer in the Borough of Paramus by DiPiazza and the other Republican members of the borough council because of his familial relationship and political affiliation. The Amended Complaint alleges that this conduct violated the NJCRA and § 1983.

Plaintiff alleges that the sole motivation for Defendants' conduct is that he is the Mayor's son (ECF No. 1-3, Amended Complaint ¶¶ 29, 35-36). The specific allegations in the Complaint include: "Upon information and belief, during the closed session, Defendants DiPiazza, Vartolone and Weber indicated that they would not vote for Plaintiff to be hired specifically because of his familial relationship to the Mayor," (Amended Complaint ¶ 29), "Defendant DiPiazza then stated, 'It's the middle of the day, we are working, why are we talking about this?

3

We are not going to let the Mayor's son become a cop. That's it, so can we just move this along,'" (Amended Complaint ¶ 35)," and "Defendants Vartolone and Weber also made it clear, both publicly and through social media, that their sole basis for denying the position to Plaintiff was that his father is Mayor" (Amended Complaint ¶ 36).

The Paramus Borough Council was not able to muster enough votes to pass a resolution to fill ten positions on the police force if one of those spots was filed by Plaintiff (Amended Complaint ¶¶ 31, 33, 37). Since the council is comprised of an equal number of Republicans and three Democrats, each vote resulted in a 3 to 3 tie. Those ties could not be broken because Plaintiff's father, the Borough's Democrat Mayor, recused himself from each vote (Amended Complaint ¶¶ 41-43).

On April 15, 2020, Plaintiff bought this action in Superior Court of New Jersey allegedly "to vindicate his rights and stop the unlawful activity of defendants" (Amended Complaint ¶ 54). With this pending litigation, another attempt to approve a resolution with Plaintiff on the slate of candidates to be hired as a police officer was offered on May 19, 2020. (Amended Complaint ¶ 59). That resolution, again, failed to pass due to a 3-3 tie and the recusal of Plaintiff's father that left the body deadlocked (Amended Complaint ¶ 60).

On July 17, 2020, Plaintiff filed a second complaint in New Jersey state court. This time, he filed an action in lieu of prerogative writs to compel the Borough to hire him (Amended Complaint ¶ 61). A week later, he filed a motion for summary judgment in that action (Amended Complaint ¶ 62). DiPiazza sought to

4

consolidate this matter with the action in lieu of prerogative writs, but the state court denied that application (Amended Complaint ¶ 63). Defendant, Joseph Vartolone, was granted leave to intervene in that matter on October 30, 2020 (Amended Complaint ¶¶ 64-65).

That same day, the state court granted Plaintiff's motion for summary judgment in the prerogative writ action finding that the Borough Code contained what can only be described as an "Anti-Anti-Nepotism" provision—that prohibited the governing body from considering Plaintiff's familial relationship as a reason not to hire him as a police officer (Amended Complaint ¶ 65; Certification of Leonard E. Seaman[1], March 9, 2021, Exhibit A, 10/30/2020 Orders and Decision of the Honorable Christine Farrington, JSC (ret'd t/a)).

Following that ruling, the Borough Council convened a special meeting on November 2, 2020 for the sole purpose of considering hiring the slate of ten officer candidates including Plaintiff (Amended Complaint ¶ 67). The individual defendants in this matter continued to vote against the resolution and Plaintiff's father continued to recuse himself, so the resolution was not adopted (Amended Complaint ¶¶ 67-68). As a result, Plaintiff filed a motion to enforce litigant's rights in the prerogative writ action which was granted by the state court and allowed Plaintiff's father to vote to hire his son (Amended Complaint ¶ 70). As the vote at a December 8, 2020 Borough Council meeting once again resulted in a 3-3 tie along party lines, this time, with the blessing of the state court, Plaintiff's father cast the deciding vote to give make his son a Paramus Police Officer (Amended Complaint

---

[1] "Seaman Cert."

¶¶ 72-76). Plaintiff was sworn in as police officer on December 29, 2020[2] (Amended Complaint ¶ 78).

In its ruling on the motion to enforce litigant's rights, the state court judge offered the opinion that Defendants' refusal to rubber stamp the recommendations of the Borough's Police Committee to hire the slate of ten candidates, including Plaintiff, amounted to a *prima facie* case of Official Misconduct under N.J.S.A. 2C-30-2, a crime of the second degree subject to a five-year mandatory minimum prison sentence. (Amended Complaint ¶¶ 70; Seaman Cert., Exhibit B).

At the close of the Amended Complaint's Allegations Common to All Counts, Plaintiff adds that:

> Shockingly, upon information and belief, confidential personnel records containing the personal information and social security number of Vincent LaBarbiera have been circulated amongst the Defendants, as well as others, placing his security as a law enforcement officer at risk.

(Amended Complaint ¶ 84) Plaintiff then closes his factual recitation with the bare conclusion that:

> The willful and reckless misconduct of the Defendants have damaged and continue to inflict damage on Plaintiff Vincent LaBarbiera, who is now a Police Officer and employee of the Borough of Paramus.

(Amended Complaint ¶ 86).

The Complaint gives short shrift to the actual constitutional rights that Plaintiff alleges have been violated. The only "allegation" of any unconstitutional

---

[2] The Amended Complaint contains a typographical error seeming to indicate that "Plaintiff was finally sworn in," later this year, on December 29, 2021.

"act" in the complaint can be found in the caption applied to Count One of the Complaint describing that passage as asserting "Violation of Article I, Paragraph 6 of the New Jersey Constitution" which affords freedom of speech and a claim that he was discriminated against by Defendants "based upon [his] familial status and/or political affiliation" (Amended Complaint ¶¶ 87, 95). Count Three of the Complaint further asserts that Plaintiff is a registered Democrat who "has assisted with his father's campaigns for election" (Amended Complaint ¶ 102). From these scant facts, he makes the leap to assert that Defendants "are Republicans and have engaged in a course of discriminatory conduct based upon political affiliation" (Amended Complaint ¶ 103).

Plaintiff's original state court Complaint in this matter was dismissed for failure to state a claim for which relief may be granted (ECF No. 1-2, 1/11/2021 Order and Decision of the Honorable Christine Farrington, JSC (ret'd t/a)). That court found that Plaintiff had not pleaded "a property interest sufficient to trigger constitutional protection."

Counts One through Four of the Amended Complaint make the same claims as those counts in the original, dismissed, Complaint (Compare ECF No 1-1 (Complaint) and ECF No. 1-3 (Amended Complaint). While Plaintiff updates his claims with facts that purportedly transpired after the Complaint was filed, he fails to offer any facts that would overcome the state court's finding that the Complaint failed to state a claim because Plaintiff did not have a constitutionally protected

property interest in his prospective employment. The Amended Complaint, even read as including a § 1983 claim, still fails on this account.

In addition to his attempt to re-plead his previously dismissed claims, Plaintiff adds five new claims. Count Five alleges that Defendants engaged in a civil conspiracy. Count Six asserts a novel claim of a civil cause of action for Defendants' alleged criminal activity in violation of New Jersey's Official Misconduct statute. Count Seven asserts improper dissemination of purportedly confidential material. Count Eight asserts intentional infliction of emotional distress. Finally, Count Nine claims that Defendants defamed him.

None of the new counts state a claim for which relief may be granted. Some, like the claims of civil conspiracy, official misconduct, and dissemination of personal information fail to allege a legally cognizable claim. All five fail to provide factual support to the level required in this Court to plausibly plead any of the claims. Finally, even if any of Plaintiff's allegations overcome these defects, the individual defendants are entitled to immunity for their legislative actions.

For the reasons set forth below, the Amended Complaint is deficient on its face and fails to state a claim for which relief may be granted. As a result, it must be dismissed.

## LEGAL ARGUMENT

### I.    THE STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to *Fed. R. Civ. P.* 12 (b)(6), a court must accept all well-pleaded allegations in the complaint as true, "construe the complaint

in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted).

Under *Fed. R. Civ. P.* 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Rule* 8 does not require "detailed factual allegations," but does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 557.

In *Twombly*, the Supreme Court clarified the *Rule* 12(b)(6) standard. Specifically, the *Twombly* Court "retired" the language contained in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 546 (quoting *Conley*, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 548.

Under *Twombly*, a civil complaint must go beyond providing mere notice — it must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007). As observed by one commentator: "Notice pleading

is dead. Say hello to plausibility pleading." A. Benjamin Spencer, *Plausibility Pleading*, 49 B.C.L.Rev. 431, 431-32 (2008).

As the Supreme Court explained in *Twombly*, "[w]hile a complaint attacked by a *Rule* 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Twombly*, 550 U.S. at 555 (citations omitted). Therefore, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 548.

In explaining what "plausibility" means, the Court said, as to claims asserted under *Rule* 8, that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009).

Regarding each of the claims under § 1983, Plaintiffs must allege (1) that some "person" has deprived him of a federal right; and (2) the "person" was acting under color of state or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Upon identifying the person acting under color of law that caused an alleged deprivation of rights, Plaintiffs must next identify the "right, privilege or immunity secured to the claimant by the Constitution or other federal laws." *Rivkin v. Dover Twp. Rent Leveling Bd.*, 143 N.J. 352, 363, cert. denied, 519 U.S. 911 (1996). "This second step is necessary because § 1983 'is not itself a source of substantive rights,'

10

but merely provides 'a method [for] vindicating federal rights elsewhere conferred.'" *Rivkin,* 143 N.J. at 363 (internal citation omitted).

The Third Circuit has prescribed three steps that district courts must take to determine if a complaint is sufficient under *Twombly* and *Iqbal.* First, the court must take note of the elements the plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations and internal quotations omitted).

## II.   THE AMENDED COMPLAINT FAILS TO ALLEGE INFRINGEMENT ON PLAINTIFF'S CONSTITUTIONAL RIGHTS SUFFICIENT TO STATE A CLAIM FOR RELIEF UNDER THE NJCRA OR § 1983

At best, the Complaint alludes to two constitutional violations. Count One makes a passing reference to a state free speech violation in its title by its citation to Article I, Paragraph 6 of the state constitution. That provision provides that:

> Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right. No law shall be passed to restrain or abridge the liberty of speech or of the press. In all prosecutions or indictments for libel, the truth may be given in evidence to the jury; and if it shall appear to the jury that the matter charged as libelous is true, and was published with good motives and for justifiable ends, the party shall be acquitted; and the jury shall have the right to determine the law and the fact.

11

N.J. Const., Art. I, Para. 6. However, the Complaint fails to allege any conduct on Plaintiff's part that would amount to speech or publication of his sentiments on any subject that has resulted in his discrimination. It fails to state a claim that Plaintiff has suffered discrimination because of his words.

In dismissing the original complaint in this matter, the state court found that the denial of Plaintiff's conditional offer of employment did not amount to "a property interest sufficient to trigger constitutional protection" (ECF No. 1-2). The Amended Complaint does not add any new facts that overcome this determination. Plaintiff's only "new" allegation on this front is that the conduct also violated § 1983.

This allegation is not sufficient to resurrect Plaintiff's failed claims because his conditional offer of employment is no more of a property interest under federal law than it was under state law. The NJCRA's requirement for a property interest is drawn directly from the Supreme Court's interpretation of § 1983 in *Bd. of Regents v. Roth*, 408 U.S. 564 (1972). There, the Supreme Court ruled that a mere "abstract interest" in employment was not sufficient to raise a claim under § 1983. *Id.* at 578.

In dismissing the original complaint, the state court relied in the New Jersey Appellate Division's holding, adopting *Roth,* to interpret the NJCRA, that "[A]n employee hired at will has no protected interest in his employment and may not prevail on a claim that his or her discharge constituted a violation of property rights." *Morgan v. Union County Bd. of Chosen Freeholders*, 268 N.J. Super. 337,

12

355 (App.Div.1993) *certif. denied*, 135 N.J. 468 (1994) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 578, (1972)).

Relying on *Morgan*, the Appellate Division also held that a non-tenured, public employee does not have a property right to continued employment sufficient to support a claim under the NJCRA because he had no property right to continued employment. *Filgueiras v. Newark Pub. Sch.*, 426 N.J. Super. 449, 470 (App. Div. 2012). The state court, ruling on the motion to dismiss found the reasoning of <u>*Filgueiras*</u> persuasive.

The Third Circuit is aligned with this position. In *Dyche v. Bonney*, 277 F. App'x 244 (3d Cir. 2008), that Court relied on *Roth* to dismiss the discrimination claims of probationary candidate to the Pennsylvania State Police because he "d[id] not have an expectation of continued employment until he successfully complete[d] his initial eighteen month period of employment." *Id.* at 248 (*quoting Pipkin v. Pa. State Police,* 693 A.2d 190, 193 (Pa. 1997). Plaintiff's connection with his prospective employment is even more tenuous than that of the plaintiff in *Dyche*. He was not even a probationary employee at the time he claims his rights were violated. He was one of ninth of ten candidates recommended by the borough's police committee to fill ten proposed positions on the police force.

Plaintiff has done nothing in the Amended Complaint to overcome the dismissal of his first pleading. He did not have a constitutionally protected property right in his potential employment as a Paramus police officer. Nothing is going to change that. Even if all the facts alleged by Plaintiff are true, he has not suffered

13

any damages under the NJCRA or § 1983. His claims must be dismissed for a second time.

## III. PLAINTIFF'S NEW ALLEGATIONS FAIL TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

Plaintiff has failed to plausibly plead allegations to support any of the "new" counts in the Amended Complaint.

### A. Count Five – Civil Conspiracy

Count Five alleges "civil conspiracy" (Amended Complaint, ¶¶ 115-123). A civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 177 (2005) (internal quotation marks omitted) (*quoting Morgan*, 268 N.J. Super. at 364. The essence of a civil conspiracy "claim is not the unlawful agreement, 'but the underlying wrong which, absent the conspiracy, would give a right of action.'" *Ibid.* (internal quotation marks omitted) (*quoting Morgan*, 268 N.J. Super. at 365)).

A civil conspiracy is not the gravamen of the action and only serves to establish joint liability between the defendants. *Morgan*, 268 N.J. Super. at 364; *Landriani v. Lake Mohawk Country Club*, 26 N.J. Super. 157, 159 (App. Div. 1953) (citation omitted). "The actionable element is the tort which the defendants agreed to perpetrate and which they actually committed." *Landriani,* 26 N.J. Super. at 159.

14

Count Five of the Complaint does not state a claim, rather it alleges a mechanism to impose joint liability on the Defendants if Plaintiff recovers on some other, legally cognizable claim. It is not a claim unto itself, and, in the absence of any other viable claims, it must be dismissed.

**B.    Count Six – Official Misconduct**

Count Six alleges an implied cause of action in tort for Defendants purported violation of the state's criminal, Official Misconduct statute (Amended Complaint, ¶¶ 124-128). The New Jersey Supreme Court has adopted the United States Supreme Court's rationale in *Cort v. Ash*, 422 U.S. 66 (1975) for determining if a state statue creates an implied, private cause of action. In determining whether a statute implicitly creates a private cause of action, the New Jersey Supreme Court established the following factors to consider: (1) whether plaintiff is a member of the "'class for whose especial benefit the statute was enacted'"; (2) "whether there is any evidence that the Legislature intended to create a private cause of action under the statute"; and (3) whether such an implied private cause of action would be "'consistent with the underlying purposes of the legislative scheme.'" *Matter of State Comm'n of Investigation*, 108 N.J. 35, 41 (1987) (*quoting Cort*, 422 U.S. at 78).

Plaintiff is not a member of a class for whom the statute was enacted. The statute is criminal in nature intended to protect the citizens of the State of New Jersey, collectively, from misconduct by public officials. Plaintiff's status as the individual who was purportedly denied a benefit is not enough. If it were, every

victim of every crime would be entitled to bring a civil claim on the strength of the criminal statute alone.

Likewise, there is no evidence that the New Jersey Legislature intended to create such a cause of action. The statute was enacted in 1978 as part of the state's comprehensive criminal justice reform. L. 1978, c. 95. It was amended the following year to address some technical issues. L. 1979, c. 178, § 61. Nothing in the legislative history of either of these enactments offers any indication of a legislative intent to create a private cause of action (Seaman Cert. Exhibits C and D).

Finally, an implied cause of action for Official Misconduct would not be consistent with New Jersey's legislative scheme. To the contrary, in *State Com. of Investigation*, the New Jersey Supreme Court agreed with *Cort's* finding "that it would be the unusual case where 'a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone' could be construed as being intended primarily to benefit a certain group of plaintiffs." *State Com. of Investigation*, 108 N.J. 35, 41 (1987) (*quoting Cort*, 422 U.S. at 80), holding, instead that "New Jersey courts generally will not allow private plaintiffs to sue … to enforce the state penal laws." *State Com. of Investigation*, 108 N.J. at 41.

Plaintiff's allegations that Defendants engaged in official misconduct by failing to vote in favor of the resolution to hire him are legally insufficient to state a claim and must be dismissed.

### C.     Count Seven – Improper/Unlawful Disclosure of Confidential Information

Count Seven makes vague and unsubstantiated allegations that Defendants obtained some confidential information that they disseminated (Amended Complaint, ¶¶ 129-138). New Jersey recognizes the importance of maintaining the privacy of juvenile court records, *See, N.J.S.A.* 2A:4A-60, and mental health information. *See, N.J.S.A.* 30:4-24.3. Neither of these, of course, apply to Plaintiff of the claims, barely, alleged in the Amended Complaint to support this count.

"[P]ublic disclosure of private facts about a person," is one of the four interests in privacy recognized by Dean Prosser in the common law tort of invasion of privacy. Page Keeton & William L. Prosser, PROSSER & KEETON ON TORTS, § 117 (5th ed., 1984). The New Jersey Supreme Court has defined the tort of unreasonable publication of private facts as follows:

> The invasion of privacy by unreasonable publication of private facts occurs when it is shown that "the matters revealed were actually private, that dissemination of such facts would be offensive to a reasonable person, and that there is no legitimate interest of the public in being apprised of the facts publicized."

*Romaine v. Kallinger*, 109 N.J. 282, 297 (1988) (*quoting Bisbee v. John C. Conover Agency*, 186 N.J.Super. 335, 340 (App.Div.1982).

Plaintiff alleges, at best, that his qualifications were discussed in open session during a public meeting on a resolution to hire him for a government job and that some of the records related thereto were later disclosed by someone,

somewhere by way of unidentified "social media" (Amended Complaint ¶¶ 131, 133, 135).

The allegations in this count fail to meet the rigorous pleading requirement of *Iqbal* and *Twombly* and should be dismissed. Plaintiff has not pleaded any facts to support his claims that detail what was disclosed, when, it was disclosed, where it was disclosed, why it was disclosed, or how it was disclosed. The Amended Complaint fails to overcome the hurdle that there was "no legitimate interest of the public in being apprised of the facts publicized" or the offensiveness of such disclosure to a reasonable person. *Romaine*, 109 N.J. at 297. For these reasons, this count fails and should be dismissed.

### D.      Count Eight – Intentional Infliction of Emotional Distress

Count Eight alleges intentional infliction of emotional distress (Amended Complaint, ¶¶ 139-144). This claim is posited on the bare allegation that the individual Defendants made false allegations against him (Amended Complaint ¶ 141).

The Third Circuit has prescribed three steps that district courts must take to determine if a complaint is sufficient under *Twombly* and *Iqbal*. First, the court must take note of the elements the plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine

whether they plausibly give rise to an entitlement for relief. *See Connelly*, 809 F.3d at 787 (citations and internal quotations omitted).

Count Eight fails this test. Plaintiff pleads the bare conclusion that Defendants' actions "were taken to intentionally inflict severe emotional distress upon Plaintiff" (Amended Complaint ¶ 142). This crucial element of a claim of intentional infliction of emotional distress is pleaded as nothing more than a conclusion bereft of any supporting facts. It is not entitled an assumption of truth even at this initial stage of the matter. Without it, Plaintiff is not plausibly entitled to relief and the claim should be dismissed.

### E.     Count Nine – Defamation

Count Nine alleges that the individual Defendants defamed his character (Amended Complaint ¶ 145-157). It makes vague, conclusory assertions of public statements maligning his character and reputation at council meetings and in social media (Amended Complaint ¶ 147, 150) and allegedly false expressions of opinion that Plaintiff was not qualified to serve as a police officer (Amended Complaint ¶ 149).

To bring a defamation claim under New Jersey law, a plaintiff must plead the following elements: (1) a defamatory statement; (2) concerning the plaintiff; (3) which was false; (4) that was communicated to someone other than the plaintiff; (5) with fault at least amounting to negligence; and (6) damages. *N.J. Model Civil Jury Charge* 3.11A. To satisfy the communication element of a defamation claim a plaintiff must plead facts that enable the defendant to identify the defamer and the

circumstances of the publication. *Printing Mart—Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 767 (N.J. 1989). A plaintiff must plead "when, where, by which defendants and by what words, written or oral, plaintiff was defamed." *Zoneraich v. Overlook Hosp.*, 212 N.J. Super. 83, 101 (App. Div. 1991). A vague conclusory allegation is not enough. *Kotok Building v. Charvine Co.*, 183 N.J. Super. 101, 105 (Law Div.1981); *see National Bowl-O-Mat. v. Brunswick Corp.*, 264 F.Supp. 221 (D.N.J.1967).

Plaintiff's allegations of defamation fail to pass muster. They vaguely allege false statements about Plaintiff's "character and reputation" (Amended Complaint ¶ 147) statements of opinion rather than facts that Plaintiff "failed to meet the minimum requirements to be hired" (Amended Complaint ¶ 148) and was "not eligible to become a Paramus Police Officer because his father serves as Mayor" (Amended Complaint ¶ 149).

These allegations are insufficient to state a claim for defamation under New Jersey law, particularly when gauged by this Court's requirements under *Rule* 8. These claims should be dismissed.

## IV.   THE INDIVIDUAL DEFENDANTS ARE ABSOLUTELY IMMUNE FOR THEIR LEGISLATIVE ACTS

In *Bogan v. Scott-Harris*, 523 U.S. 44 (1998), the Supreme Court held that members of local legislative bodies, like the individual defendants here are absolutely immune from Section 1983 liability for their legislative acts. The plaintiff in *Bogan* alleged that the defendants eliminated her position as the administrator of the Department of Health and Human Services for the city of Fall River,

Massachusetts in retaliation for plaintiff's attempts to discipline a politically connected subordinate. 523 U.S. at 47.

The Supreme Court found that the action of one the defendants in voting on the budget that eliminated the plaintiff's position was entitled to absolute immunity from plaintiff's civil rights claims. After reviewing the doctrine of legislative immunity at common law from the 1500s onward, the Court ruled that this immunity applied to legislative acts alleged to violate § 1983. 523 U.S. at 50-53. The Court also found that:

> Absolute immunity for local legislators under § 1983 finds support not only in history, but also in reason. The rationales for according absolute immunity to federal, state, and regional legislators apply with equal force to local legislators. Regardless of the level of government, the exercise of legislative discretion should not be inhibited by judicial interference or distorted by the fear of personal liability. Furthermore, the time and energy required to defend against a lawsuit are of particular concern at the local level, where the part-time citizen-legislator remains commonplace. And the threat of liability may significantly deter service in local government, where prestige and pecuniary rewards may pale in comparison to the threat of civil liability.

*Bogan*, 523 U.S. at 52 (citations omitted). As a result, the Court ruled that "[a]bsolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity.' *Id.* at 54 quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951).

The motive or intent behind that act is not important. The focus is on the very nature of the act. *Bogan*, 523 U.S. at 54. On that basis the Court determined

that the defendant's act of voting for an ordinance that eliminated plaintiff's job was "quintessentially legislative." *Bogan*, 523 U.S. at 55.

Here too, all of Plaintiff's allegations against DiPiazza's are acts that are quintessentially legislative. DiPiazza was exercising his discretion in determining who the Borough should hire as one of its police officers. As an elected member of the Borough Council, he has implemented that decision by casting his vote. It cannot be questioned by Plaintiff in this proceeding. DiPiazza is entitled to absolute immunity from liability for his conduct in this regard.

As the Supreme Court noted in *Bogan*, the electoral process provides "the ultimate check on [alleged] legislative abuse." 523 U.S. at 53. If the votes cast by DiPiazza and the other individual defendants in this case do not represent the will of the citizens of Paramus, they will, no doubt, be replaced on the governing body through the next election. That is the consequence they face, but they cannot be held liable in this action.

## <u>CONCLUSION</u>

For the reasons set forth above, it is respectfully submitted that the Amended Complaint fails to state a claim for which relief my be granted as to Defendant, Christopher DiPiazza and should be dismissed.

Respectfully Submitted,

s/ Leonard E. Seaman
Richard Malagiere
Leonard E. Seaman
LAW OFFICES OF RICHARD MALAGIERE, P.C.
250 Moonachie Road, Suite 102
Moonachie, NJ 07074
(201)440-0675
rm@malagierelaw.com
les@malagierelaw.com
Attorneys for Defendant, Christopher DiPiazza

DATED: March 9, 2021