```
                                          FILED
VINCENT LABARBIERA          :
                                        OCT 30 2020
                            :     SUPERIOR COURT OF NEW JERSEY
                                  CHRISTINE A. FARRINGTON,
                            :     LAW DIVISION: J.S.C. BERGEN COUNTY

            Plaintiff,      :

                            :     DOCKET NO. BER-L-4174-20

vs.                         :

BOROUGH OF PARAMUS          :            Civil Action

                            :

                            :              ORDER

            Defendant       :
```

**THIS MATTER HAVING COME BEFORE THE COURT** on October 30, 2020 by way of plaintiff, Vincent LaBarbiera's motion for summary judgment pursuant to R. 4:69-2; and the defendant Borough of Paramus having not opposed the motion as to the validity of municipal code provision Chapter 99-3(A); and the court having read the papers, heard argument and for good cause shown;

**IT IS on this 30th day of October, 2020**

**ORDERED**, that Chapter 99-3 of the Code of the Borough of Paramus is hereby declared to be valid, constitutional and legally binding*; and it is further,

1

EXHIBIT
A

**ORDERED** that the Council of the Borough of Paramus is hereby directed to obey and enforce Chapter 99-3 of the Code of the Borough of Paramus*; and it is further,

**ORDERED**, the Court provides a copy of this Order to all counsel of records on this date via eCourts Civil. Movant is directed to serve a copy of this order within seven days of the date hereof on all parties not served electronically.

*/s/ Christine Farrington*
HON. CHRISTINE FARRINGTON, J.S.C., ret'd, t/a

Opposed

    The matter is unopposed by the Borough and opposed by the Intervenor. See companion order of same date. The court finds there are no substantial issues of material fact and finds as a matter of law that Ordinance Chapter 99-3 is valid, constitutional and legally binding and the Council members are directed to obey and enforce it. <u>Brill v. Guardian Life Insurance Co. of America</u>, 142 N.J. 520 (1995).

2

**GIBLIN & GANNAIO**
**Brian T. Giblin, Jr. - 113242014**
2 Forest Ave - Suite 200
Oradell, New Jersey 07649
(201) 262 - 9500 / (201) 262 - 8107 (f)
*Attorneys for Plaintiff*
*Joseph Vartolone*

FILED
OCT 30 2020
CHRISTINE A. FARRINGTON,
J.S.C.

| | |
|---|---|
| **Vincent LaBarbeira,**<br><br>            *Plaintiff,*<br>v.<br><br>**Borough of Paramus,**<br><br>            *Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>CIVIL DIVISION: BERGEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO. BER-L-4174-20<br><br>CIVIL ACTION<br><br>**ORDER AS MODIFIED BY THE COURT** |

THIS MATTER having been opened to the Court by was of Motion of Giblin & Gannaio, Esqs. (Brian T. Giblin, Jr., Esq., appearing), counsel to Intervenor Joseph Vartolone, and on notice to counsel for Plaintiff, Richard Priore, Esq., and counsel for Defendant, Brent Pohlman, Esq., for an Order granting leave to intervene in this matter as a Defendant/Third-Party Plaintiff and to dismiss the Complaint, and the Court having considered the paper submitted in support of and in opposition to the motion and the arguments of counsel;

IT IS on this 30th day of October, 2020

ORDERED as follows:

1. The motion of Joseph Vartolone to intervene pursuant to R. 4:33-1 and R. 4:33-2 as a Defendant is granted in part*.

2. The court finds the arguments advanced by the Intervenor in support of his application and opposing plaintiff's summary judgment motion fail as to the summary judgment motion or the delay thereof.

1

3. A copy of this Order shall be served electronically by the Court via E-Courts upon all counsel

*Christine Farrington*
HON. CHRISTINE FARRINGTON, J.S.C., ret'd, t/a

Opposed   [X]

\*Joseph Vartolone proposed to intervene pursuant to R. 4:33, Intervention as of Right. That Rule states:

> Upon timely application anyone shall be permitted to intervene in an action if the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The proposed intervenor states in his brief that the relief sought by plaintiff, to wit: declaring Chapter 99-3 valid and constitutional; directing the Council of the Borough of Paramus to obey and enforce Chapter 99-3 and requiring the Council of the Borough of Paramus not to consider the political and familial relationship between plaintiff and his father "in the hiring process when voting on the resolution to hire the candidates which were recommended for hire by the Police Committee". The proposed intervenor claims the Ordinance violates public policy, and he claims he wishes to challenge the validity of the ordinance. He further claims the Ordinance is ambiguous and if the court grants the summary judgment motion his constitutionally protected right to vote will be jeopardized. The proposed intervenor agrees with the Borough that the Council as a body did not violate the Ordinance. He however, "wishes to assert his own individual defenses and

2

challenge the Ordinance as arbitrary, unreasonable and against public policy." Proposed intervenor claims the language of the Ordinance is inherently ambiguous.

The court grants the intervention. The Intervenor shall file his defenses and claims within ten (10) days of the date of this Order.

The court finds, however, that the summary judgment application, unopposed by the Borough should not be delayed further. First, the intervenor has filed the basis of his objections thereto which the court finds deficient and for reasons set forth below determines there is no substantial issue of fact. Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520 (1995). Second, the court finds the intervenor unreasonably delayed his application to intervene, having according to the Borough's counsel failed to seek consent to intervene following the order denying consolidation of matters involving some of the same litigants on or about September 25, 2020. Further consent to the intervention was offered by plaintiff's counsel, subject to a request that the summary judgment motion, filed July 24, 2020 proceed on October 30, with the intervenor to file his brief on October 22, 2020 to provide the other parties with four days to respond.

With regard to the intervenor's argument, the court finds that the Ordinance language is not ambiguous. The Fair Housing and Employment Act and Department of Education regulations have no application here or in this context. The court finds that the words and phrases of the Ordinance, given their generally accepted meaning, are clear and not inconsistent with the Borough's intent as no evidence of other intent has been presented to the court. The court finds the Ordinance to be constitutional, valid and legally binding upon the governing body. Having so found does not compel the

3

Intervenor to vote affirmatively, it does however, prohibit the Council members from considering improper criteria.

Intervenor provides no evidence that the Ordinance is void as against public policy. Municipal actions are entitled to a strong presumption that they are valid and proper and the Intervenor has failed to meet the heavy burden of demonstrating the Ordinance is arbitrary, capricious or unreasonable. <u>Bryant v. City of Atlantic City</u>, 309 N.J. Super. 596 (App. Div. 1998). Further, the Intervenor has cited no legislative statement of public policy in this regard.