Prepared by the Court

FILED
DEC 04 2020
CHRISTINE A. FARRINGTON, J.S.C.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY

CIVIL ACTION
DOCKET NO. BER-L-4174-20

ORDER

VINCENT LABARBIERA,

        Plaintiff

vs.

BOROUGH OF PARAMUS

THIS MATTER having been opened to the Court on motion of the plaintiff, Vincent Labarbiera, by his attorney Matthew T. Priore, Esq., for an Order Enforcing Litigant's Rights, pursuant to R. 1:10-3, and the motion having been opposed by Joseph Vartolone, by his attorney Brian Giblin, Esq., Giblin & Gannaio, and the Borough by its attorneys, Methfessel & Werbel, Esq., and the Court having considered the submissions of counsel and for good cause shown;

IT IS ON THIS 4th day of DECEMBER, 2020

ORDERED and ADJUDGED that the Borough Defendants' motion to enforce litigant's rights is granted in part for the reasons set forth in the attached Rider; and

IT IS FURTHER ORDERED that a conformed copy of the within Order and Rider shall be served upon all counsel via eCourts.

EXHIBIT B

1

                                                                      */s/ Christine Farrington*

CHRISTINE FARRINGTON, J.S.C., ret'd, t/a

OPPOSED

RIDER

Plaintiff Vincent LaBarbiera moves to enforce the order of summary judgment entered October 30, 2020.

On July 17, 2020, plaintiff filed a complaint in lieu of prerogative writ against defendant Borough of Paramus. On July 24, 2020, plaintiff filed a motion for summary judgment pursuant to R. 4:69-2 which the court granted. In granting the motion, the court found Borough Ordinance Chapter 99-3 to be valid, constitutional, and legally binding. The court directed the Borough Council to obey and enforce the Ordinance.

Following the order of the court, which was not opposed by the Borough, a special meeting was called by the Borough to vote on Resolution 20-11-541 which authorized the issuance conditional offers of employment to the ten (10) police candidates that were unanimously recommended by the Police Committee. The Resolution did not pass because council members DiPiazza, Weber and Vartolone voted 'no."

The following facts were previously determined to be uncontested: On March 26, 2020, Councilman DiPiazza submitted a proposed resolution recommending nine candidates for positions as police officers should be voted on and hired. Plaintiff acknowledges the Resolution 20-3-209 to be that resolution. Councilman DiPiazza moved Resolution 20-3-209 at the March 27,

2020 Council meeting. At the time of the motion, Councilman DiPiazza was advised by associate Borough Attorney, Katie Mocco, Esq. that such a motion, which included removal of candidate LaBarbiera from the list was prohibited as based upon familial or political affiliations, and would subject individual council members to liability and that further the Borough would likely not cover the defense cost of any council member committing to an illegal action. Council members were advised that the remedy to pursue the course sought by the Councilman was to propose a change to the ordinance.

Councilman DiPiazza stated the Borough Council would not hire the Mayor's son under any condition. "Ten officers can be hired, but the Mayor's son will not be one of them. Nine officers can be hired, but the Mayor's son will not be one of them, under any condition".

Votes were taken on Resolution 20-3-209 and a subsequent motion to hire all 10 candidates failed. Councilman DiPiazza voted in favor of 20-3-209 and against the Resolution proposed to hire all ten candidates. Both resolutions failed to pass with the council splitting three-three and the Mayor recused. Prior to the vote attorney Lagana advised that members who voted "yes" on Councilman DiPiazza's resolution would be subject to liability.

4

On June 15, 2020 a Council meeting was held and a vote taken on proposed Resolution 20-06-322 entitled, "Resolution Authorizing the Issuance of Conditional Offers of Employment to Ten (10) Police Candidates as Presented by the Borough's Police Committee, Subject to Settlement and Release of All Claims against the Borough, with Prejudice, in Litigation Entitled La Barbiera v. Borough of Paramus, et al., Docket No. BER-L-2318-20. The Resolution failed with the Council split 3-3, council members Vartolone, DiPiazza and Weber voting against and the Mayor recused.

Plaintiff now seeks an order that the members of the municipal council of the Borough must either vote in the affirmative on the Resolution to extend conditional offers of employment to the ten police candidates recommended by the Police Committee or abstain from voting on the Resolution which is denied; and an order that the Mayor of the Borough of Paramus is hereby authorized to vote on any Resolution that relates to extending a conditional offer of employment to the ten police candidates recommended by the Police Committee which is granted for the reasons which follow.

The court finds the Mayor was never required to abstain nor did he require authorization to vote on the appointments recommended by the Police Committee and Chief of Police because

the act of voting on those recommendations was purely ministerial.

A ministerial duty is one in respect to which nothing is left to discretion. It is a simple, definite duty, arising under conditions admitted. At common law, public officials were disqualified from participating in judicial or quasi-judicial proceedings in which the official has a conflict in interest that may interfere with the impartial performance of his [or her] duties as a member of the public body." Wyzykowski v. Rizas, 132 N.J. 509. 523 (1993) quoting Scotch Plains-Fanwood Bd. of Educ. v. Syvertsen, 251 N.J. Super. 566, 568 (App. Div. 1991)). In those circumstances, the. . . actual conflict of interest is not the decisive factor, nor is 'whether the public servant succumbs to the temptation,' but rather whether there is a potential for a conflict," id. At 524 (quoting Griggs v. Borough of Princeton, 33 N.J. 207, 219 (1960). A conflict exists "when the public official has an interest not shared in common with the other members of the public." Ibid. However, the function of accepting the recommendation of the Police Committee is purely *ministerial*. The principle of conflict of interests is not implicated here. The choice of candidates is not made by the Mayor and/or Council but by the Chief of Police and the Police Committee. The ministerial action of accepting

that recommendation does not require the Mayor to abstain because the function is merely ministerial.

Further, the Borough has no anti-nepotism ordinance and nepotism is not prohibited by the Local Governments Ethics Law, N.J.S.A. 40A:9-22.1, et seq.

The court, for reasons which follow, refers this matter to the Attorney General of the State of New Jersey for investigation of the refusal of certain council members to vote to extend the conditional offers based upon the recommendation of the Police Committee and the Chief of Police.

N.J.S. 2C:30-2 Official Misconduct provides a public servant is guilty of official misconduct when, with the purpose to obtain a benefit for him/herself or another *or to injure or deprive another of a benefit*: (a) He commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized or he/she is committing such act in an unauthorized manner; or (b) he/she knowingly refrains from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office. Official misconduct is a crime of the second degree. If the benefit obtained or sought to be obtained, or of which another is deprived or sought to be deprived, is of a value of $200.00 or less, the offense of official misconduct is a crime of the third degree. Under New Jersey Official

Misconduct law, the public servant's action or omission must be coupled with a purpose to obtain a benefit for himself or another or a purpose to injure another or deprive another of a benefit. Here, the court finds the plaintiff took an examination and placed ninth of ten candidates considered eligible for conditional offers. In addition, the plaintiff was entitled to a preference as a resident of the Borough. It is not clear to the court that the preference is reflected in his placement among the ten candidates selected. If it were not, his placement would be higher than indicated by his test score. The Official Misconduct law requires the State must prove five elements:

1) the defendants were public servants.

2) the defendants acted with purpose to injure or deprive another of a benefit

3) The act committed was related to the public servant's office

4) The act committed was unauthorized.

5) The public servant knew the act was unauthorized.

The court finds the facts present a prima facie case that the elements of misconduct are present. For this reason, the matter is referred to the Attorney General to determine whether prosecution is warranted.

*Christine Farrington*
Christine Farrington, J.S.C., ret'd, t/a

8