*2C: 1-1 et al*

## LEGISLATIVE HISTORY CHECKLIST

NJSA  2C:1-1 et al.                    (Code of Criminal Justice - Amendments)

LAWS OF  1979                    CHAPTER  178

Bill No.  S3203

Sponsor(s)  Greenberg

Date Introduced  April 26, 1979

Committee:  Assembly

            Senate  Judiciary.

Amended during passage        Yes          XX  Amendments during passage
                                               denoted by asterisks.
Date of Passage: Assembly  July 16, 1979        Substituted for A3279
                                               (not attached since
              Senate  June 25, 1979             identical to S3203)

Date of approval  August 29, 1979

Following statements are attached if available:

Sponsor statement                  Yes      XX
                                   Yes
Committee Statement: Assembly      Yes  →    Assembly Committee Statement
                                             to A3279 (attached)
                     Senate        Yes      XX

Fiscal Note                        Yes      No

Veto Message                       Yes      No

Message on signing                 Yes      XX

Following were printed:

Reports                            Yes      No

Hearings                           Yes      No

See also:

   Greenberg, Martin, and Tumulty, John J., "Highlights of the New Code of
Criminal Justice," 102 NJLJ 449 (attached)

19

980/70

DEPOSITORY COPY
Do Not Remove From Lib...

DEPOSITORY COPY

EXHIBIT

D

97    *Laws of 1955, c. 254 (C. 2A:171–1.1 and C. 2A:171–1.2);*
98    *Laws of 1959, c. 119 (C. 2A:171–5.8 to C. 2A:171–5.18 both in-*
99    *clusive).*

1    147. N. J. S. 2C:47–6, N. J. S. 2C:51–4, N. J. S. 2C:58–6, N. J. S.
2    2C:58–11 and P. L. 1970, c. 226, § 28 (C. 24:21–28) are repealed.

1    148. This act shall take effect September 1, 1979.

---

## STATEMENT

This bill amends and supplements the Code of Criminal Justice (Title 2C of the New Jersey Statutes) to effect changes and additions deemed essential for enactment to become effective on September 1, 1979, the effective date of the Code. The changes and additions represent a consensus by participating staff representatives of the offices of the Governor, the Attorney General, the Public Advocate and Legislative Services.

A memorandum with respect to each amendatory section of the bill will be duplicated and made available separately.

Section 147 of the bill repeals certain sections of the Code and of Title 24 which are inconsistent with, or duplicative of, other sections of the Code as now proposed. Those provisions repealed are: Section 2C:47–6 (regarding compensation of persons sentenced to the Adult Diagnostic and Treatment Center), Section 2C:51–4 (regarding expungement to be replaced by the new Chapter 52), Section 2C:58–6 (regarding firearms permits for minors), Section 2C:58–11 (regarding forfeiture of firearms, covered by the general forfeiture procedure in Chapter 64) and P. L. 1970, c. 226, Section 28 (C. 24:21–28, regarding expungement of drug offenses, replaced by the new Chapter 52).

SENATE JUDICIARY COMMITTEE

STATEMENT TO

# SENATE, No. 3203

# STATE OF NEW JERSEY

### DATED: JUNE 18, 1979

The following is a section by section outline of the provisions of Senate Bill No. 3203 as it was released by the Senate Judiciary Committee.

Section 1 adds the words "and dispositions" to 2C:1–1a (Rules of Construction) to clarify that, unless otherwise provided in the code, both the prosecution and disposition of offenses which occurred before the effective date of the code are governed by prior law.

Section 2 adds a new paragraph to 2C:1–2 (Principles of Construction) which states that no provision of the code shall be construed to limit the right to an appeal either by the defendant or, subject to the Federal and State Constitutions, by the State.

Sections 3 and 4 of the bill clarify ambiguities concerning the effect of the code on those offenses not in Title 2A which have not been revised or replaced as a result of the enactment of the code.

Section 3 amends 2C:1–4 (Classes of Offenses) to provide that an offense established by statute other than the code which is classified as a misdemeanor and sets a possible penalty of imprisonment for 6 months or less, shall after the effective date of the code be classified as a disorderly persons offense.

Section 4 amends 2C:1–5 (Application of the General Provisions of the Code) to provide for the continuation of those penalties for offenses specifically set forth in statutes enacted apart from the code. Should the offense be classified as a misdemeanor but with no provision for a specific penalty, or with provisions for a specific penalty of above 18 months, it will be treated as a crime of the fourth degree after the effective date of the code. If the offense is classified as a high misdemeanor, the offense would be treated after the effective date of the code as crime of the third degree. The only exception to this scheme is in the case of drug offenses in Title 24, which will be discussed in Section 81 of this bill.

Section 5 amends 2C:1–6 (Time Limitations) to provide that the statute of limitations will not run during the time a person is fleeing from justice. It establishes a 5-year statute of limitations for any civil action such as forfeiture brought under the provisions of the code. Also, 2C:1–6 is amended to permit the downgrading of indictable

2

offenses to nonindictable offenses at any time so long as the prosecution commenced within the statute of limitations applicable to the indictable offense. Finally, Section 5 deletes an erroneous reference to various sections of the code in 2C:1–6c.

Section 6 makes technical amendments to 2C:1–8 (Method of Prosecution When Conduct Constitutes More Than One Offense).

Section 7 amends 2C:1–13 (Affirmative Defenses). At present, 2C:1–13 provides that all affirmative defenses must be proven by "a preponderance of the evidence." In several other sections of the code, however, a different standard of proof for affirmative defenses is required. To clarify this discrepancy, section 7 insert the phrase "or such other standard as specified in this code" to subsection b. of 2C:1–13. Also, section 7 adds a new subsection which requires that the burden of proof in any civil action commenced pursuant to the code shall be by "a preponderance of the evidence." Section 8 defines the term "offense" in 2C:1–14 (Definitions). This definition specifies that the code's procedural and sentencing provisions apply only to crimes, disorderly persons offenses, and petty disorderly persons offenses and not to such matters as motor vehicle violations or violations of municipal ordinances.

By committee amendment, language was added to 2C:1–14 specifying that wherever in the code, it is necessary to determine value in order to fix the degree of an offense, that value will be the fair market value at the time and place of act constituting the offense.

Section 9 amends 2C:2–12 (Entrapment) to state that the issue of entrapment shall be tried by the "trier of fact," not a "jury." Should this section remain in its present form, the issue of entrapment could only be tried by a jury and not by a judge sitting without a jury.

Section 10 amends 2C:3–7 (Use of Force in Law Enforcement) by deleting the words "physical injury" and inserting "bodily harm." The term "bodily harm," not "physical injury" is used throughout the code. This amendment is designed to attain consistency in terminology.

Section 11 amends 2C:3–11 (Definitions) by deleting the words "aggravated rape" and "aggravated sodomy" and substituting the correct code nomenclature "aggravated sexual assault" and "sexual assault."

As amended by the committee, sections 11A, 11B, 12, 13, 13A, 13B, 14, 15 and 16 make a series of amendments to Chapter 4 (Mental Responsibility). The purpose of these amendments is to clarify that mental disease or defect is not a separate defense apart from insanity but rather that evidence of mental disease or defect is admissible only to negate the mental element of an offense.

**3**

Section 17 amends 2C:5-2 (Conspiracy) to provide that even if the one or more objectives of a criminal conspiracy are not criminal acts (e.g., approval of a zoning ordinance), this shall not be a defense to a charge of conspiracy so long as other objectives of the conspiracy or the means of promoting these objectives are unlawful (e.g., bribery).

Also, section 17 amends 2C:5-2f. (2) on the issue of abandonment of a conspiracy. As the code now reads, abandonment of a conspiracy is presumed when no overt act in pursuance of the conspiracy occurs during the period covered by the statute of limitations. The amendment creates an exception to this rule for crimes of the first and second degree because no overt act is deemed necessary to find guilt for a conspiracy to commit such crimes.

Section 18 rewrites 2C:5-4 (Grading of Criminal Attempt and Conspiracy) for purposes of clarity. No substantive changes are made.

By committee amendment, a new section 18A was added to amend 2C:5-5 (Burglar Tools). The purpose of this amendment is to prohibit the publishing of plans or instructions dealing with the manufacture or use of any burglar tools when the intent of such publication is to facilitate the commission of criminal offenses. This amendment is aimed at certain sophisticated burglary tools known as "blue boxes," "black boxes," or "red boxes" which are used to defraud telephone companies.

Section 19 amends 2C:11-1 to make the definition contained therein applicable to Chapters 11 through 15 instead of 11 through 14. This change is necessary because in later amendments in this bill, Chapter 19 of the code the crime of robbery will be allocated to Chapter 15.

Section 20 makes a technical amendment in 2C:11-2 (Criminal Homicide).

Section 21 adds language to 2C:11-3 (Murder) to insure that the specific higher penalties provided in 2C:11-3, rather than the presumptive sentences found in Chapter 44 of the code, are applicable to the offense of murder. Section 21 also corrects an incorrect reference.

By committee amendments, the concept of murder under 2C:11-3 was expanded to include, in addition to those who "knowingly" or "purposely" cause, those individuals who "purposely" or "knowingly" cause serious bodily injury which results in death.

By committee amendments, a section 21A amending 2C:11-4 (Manslaughter) was added to the bill. The purpose of the amendment is to create a new offense of "aggravated manslaughter" when the accused causes death under circumstances manifesting extreme indifference to human life.

Section 22 makes a grammatical correction in the last paragraph of 2C:12-1 (Assault).

4

Section 23 rewrites 2C:13-1c (Kidnapping) to promote clarity and to insure that the higher specific penalty provided in 2C:13-1c., rather than the general presumptive sentence contained in Chapter 44, is applicable to kidnapping.

Section 24 amends 2C:13-3 (False Imprisonment). Presently, 2C:13-3 provides that it is an affirmative defense to a charge of false imprisonment when the person restrained was a person under 18 and the accused was a relative whose purpose was to assume control of the child. The amendment extends this affirmative defense to legal guardians.

Section 25 clarifies the language in 2C:13-4 (Interference With Custody). There are no substantive changes.

By committee amendments, new sections 26, 27, and 27A amending Chapter 14 (Sexual Offenses) were added to the bill. Section 26 amends 2C:14-2 (Sexual Assault) to provide that an act of sexual penetration where the victim is less than 13 years old, no matter the age of the accused, constitutes aggravated sexual assault, a crime of the first degree. Section 26 also provides that an act of sexual penetration where the victim is at least 13 but less than 16 years old and the other party is at least 4 years older than the victim constitutes sexual assault, a crime of the second degree.

Section 27 amends 2C:14-3 (Criminal Sexual Contact) to provide that an act of sexual contact where the victim is at least 13 but less than 16 years of age and the accused is at least 4 years older than the victim constitutes criminal sexual contact, a crime of the fourth degree.

Section 27A adds a new section 2C:14-8 stating that nothing in Chapter 14 will be deemed as limiting the jurisdiction of juvenile and domestic relations courts with regard to sexual activities by teenagers under the Juveniles in Need of Supervision Act (P. L. 1973, c. 306, C. 2A:4-42 et seq.).

Section 28 reallocates "Chapter 19. Robbery" of the code to Chapter 15. The reason for this change is that it is considered more appropriate to place this offense in "Part 1. OFFENSES INVOLVING DANGER TO THE PERSON" rather than in "Part 2. OFFENSES AGAINST PROPERTY."

Section 29 makes a technical change in 2C:17-1 (Arson).

By committee amendment, a new section 29A was added to amend 2C:17-2 (Causing or Risking Widespread Injury or Damage). The purpose of this amendment was to specifically include the dumping or abandonment of hazardous waste among prescribed activities.

Section 30 amends 2C:17-3 (Criminal Mischief) by changing the language in the grading section for purposes of clarity.

5

Section 31 omits the present language of 2C:17-4 (Endangering Pipes Transmitting Certain Gases) and substitutes the language of the statute enacted by the Legislature in 1976 which deals with the matter.

Section 32 contains the present Chapter 19, Robbery. It is deleted and will become Chapter 15. Chapter 19 will now be "RESERVED."

Section 33 amends 2C:20-2 (Consolidation of Theft Offenses) to clarify that while Chapter 20 does consolidate theft by whatever means, any unrelated criminal acts embodied in different episodes or transactions are subject to separate prosecutions.

By committee amendment, "Horses" were included with property such as guns, boats and automobiles, theft of which, no matter the value, is automatically classified as a crime of the third degree.

Section 34 amends 2C:20-5 (Theft by Extortion), to require that theft by extortion be both "unlawful" as well as "purposely" in order to avoid prosecution of individuals who make legitimate demands.

Section 35 adds language to 2C:20-7 (Receiving Stolen Property), clarifying that the bringing of stolen property into New Jersey is among the activities prohibited.

Through committee amendments, a new section 35A amending 2C:20-10 (Unlawful Taking of Means of Conveyance) was added. The amendments are intended to clarify that "joyriding" is prohibited. By committee amendment, "Theft of Horses" was specifically among the activities proscribed by 2C:20-10. Through committee amendments, a new section 36B amending 2C:20-11 (Shoplifting) was added. The amendment is intended to restore the provision of present law allowing merchants to temporarily detain, with immunity from any criminal or civil liability, suspected shoplifters.

Section 36 deletes the text of 2C:21-6 (Credit Cards) and substitutes present Title 2A provisions dealing with credit card fraud, which are considered by law enforcement officials to be more complete and easier to enforce.

By committee amendment, a new section 36A was added amending 2C:31-7 (Deceptive Business Practices). The purpose of the amendment is to include specific language regulating the sale of kosher foods in the deceptive business practice section.

Sections 37, 38, 39, 40 and 41 amend 2C:21-9 (Misconduct by Corporate Official), 2C:21-10 (Commercial Bribery), 2C:21-11 (Rigging Publicly Exhibited Contest), 2C:21-13 (Fraud in Insolvency) and 2C:21-15 (Misapplication of Entrusted Property). These amendments are of technical nature and are intended to clarify the sentencing portions of those sections.

6

Section 42 amends 2C:21–19 (Wrongful Credit Practices) by setting the possible fine for criminal usury up to $250,000.00. Section 42 also adds nonprofit social and consumer counseling agencies to the lists of those persons not considered as "debt adjusters." This latter amendment is in accord with legislation enacted in 1979.

Sections 43, 44, 45 of the bill are blank.

Section 46, as amended by the committee, adds language in 2C:24–4 (Endangering Welfare of Children) clarifying that in addition to prohibiting children's participation in pornographic films, permitting children to perform in a live exhibition or performance is prohibited by this section. Section 46 also makes several technical amendments to 2C:24–4.

By committee amendments, the scope of activities prohibited by 2C:24–4 was enlarged to encompass any sexual conduct which would impair or debauch the morals of a child by any person with a legal duty to care for the child or who has assumed responsibility for the child. Such persons would be guilty of a crime of the third degree. Any other person engaging in such conduct with a child under 16 would be guilty of a crime of the fourth degree. These amendments are intended to tie in with the amendments previously discussed in connection with Chapter 14.

Sections 47, 48, 49, 50, 51, 52 and 53 of the bill, as amended by the committee, rewrite and consolidate sections of Chapter 27 (Bribery and Corrupt Influence). After review by the Division of Criminal Justice, Chapter 27 was deemed to be so overly broad and duplicative. A literal reading of its provisions could result in criminal liability attaching to legitimate lobbying and political fund raising activities.

Section 54 amends 2C:28–1 (Perjury), to provide that "retraction" of a perjured statement is not a defense to a charge of perjury if the perjured testimony caused "irreparable harm to any party."

Section 55 amends 2C:28–2 (False Swearing) to make false swearing a crime of the fourth degree rather than a disorderly persons offense.

Section 56 is blank.

Section 57 amends 2C:29–2 (Resisting Arrest) for purposes of clarity.

Section 58 amends 2C:29–4 (Compounding) for purposes of clarity. There are no substantive changes.

By committee amendment, a section 58A was added amending 2C:29–5 (Escape). The purpose of the amendment is to make 2C:29–5 applicable to escapes by persons committed to mental institutions in connection with a criminal offense.

7

By committee amendment, section 60 which would have amended 2C:30-1 (Official Oppression), was deleted. The committee further found that 2C:30-1 was a duplicate of 2C:30-2 (Official Misconduct) and should be repealed (see section 147).

Section 61 amends 2C:30-2 (Official Misconduct), by removing the word "corrupt" since the phrase is not defined by the code, and since "corrupt" purpose is not an element required by existing case law in order to prove official misconduct.

Section 62 amends 2C:30-3 (Speculating or Wagering on Official Action), to clarify that a former public servant is liable under 2C:30-3 if he committed the unlawful acts while a public servant. The language change in the last paragraph was made for consistency and clarity.

Section 63 makes a technical amendment in 2C:33-1 (Riot). There is no substantive change.

Sections 64, 65 and 66 should be read together. Section 64 amends 2C:33-12 (Maintaining a Nuisance), by deleting the reference to section 2C:56-1. That section is marked "[RESERVED]" in the present code and the reference here is meaningless. Reference to 2C:33-12.1 has been inserted in its stead. Section 66 of the amendatory bill creates a new 2C:33-12.1 which provides a procedure for abating a nuisance after a conviction under 2C:33-12. Section 65 simply adds 2C:33-12.1 to the table of contents for Chapter 33.

By committee amendment, a new section 66A amending 2C:33-13 (Smoking in Public) was added to the bill. The purpose of this amendment is to clarify that smoking in a public place is to be governed by the municipal ordinance or by the owner or person responsible for the operation of the public place and not by rule or regulations of an executive agency. The amendment would preclude enforcement of smoking regulations by an executive agency.

Section 67 which was deleted by committee amendment, would have amended 2C:34-1 (Prostitution) to include the prostitutes themselves among those guilty of the offense of living off the earnings of a prostitute. The committee felt that this offense should be reserved for pimps and others involved in prostitution operations in a managerial capacity.

By committee amendment, section 68 amends 2C:34-5 (Diseased Person Committing an Act of Sexual Penetration), to correct language defects and include correct code nomenclature.

Sections 69, 70 and 71 amend 2C:37-2 (Promoting Gambling), 2C:37-3 (Possession of Gambling Records), and 2C:37-4 (Maintenance of a Gambling Resort), respectively, in the same manner in the grading subsection of each. Present language has been deleted and new language added so that it will be absolutely clear that a custodial sentence

may be given to a person convicted of a gambling offense as well as the specific fine provided for by these sections.

Also the committee amendments added language to 2C:37–3 establishing that an affirmative defense to a charge of possession of gambling records must be proven by "clear and convincing evidence," rather than by the lower standard "by a preponderance of the evidence."

Section 72 makes a technical amendment to 2C:37–8 (Gambling Offenses; Jurisdiction).

Sections 73, 74, 75, 76, 77, 78, 79 and 80 of the bill are blank.

Section 81 amends 2C:43–1 to clarify the legislative intent to preserve existing sentences under the "Controlled Dangerous Substances Act," P. L. 1970, c. 226. Since the general Title 2A authority for imposing sentences on misdemeanors and disorderly persons offenses has been repealed, as well as the authority to impose "minimum-maximum" sentences under Title 2A, the intent is to retain the authority to impose the maximum sentences established under Title 24. Section 2C:43–1 embodies the only exceptions applicable to Title 24 offenses. Therefore, the section is designed to clarify that, while Title 24 maxima are to control, the sentences are to be imposed as are other sentences under the code (i.e., subject to definite terms, and not minimum-maximum sentences), and that the other provisions of the subtitle (regarding probation, revocation, fines, restitution, etc.) are to apply.

As amended by the committee, section 82 amends 2C:43–2 (Authorized Dispositions), to increase from 90 to 180 days the period of imprisonment to which a person convicted of a crime may be sentenced as a condition of probation. The 90-day period would be retained for disorderly person offenses. Also, by committee amendment, language was added to 2C:43–2 specifying that performance of community-related service is an authorized noncustodial sentence under the code and that where imprisonment is imposed the court shall state on the record its consideration of the defendant's eligibility for release under the law governing parole.

Section 83 amends 2C:43–3 (Fines and Restitutions), to provide for higher fines than those set forth in this section, if authorized by another code section or any other statute. The present language reads only "authorized by statute," so this amendment is for clarification.

Section 84 amends 2C:43–5 (Young Adult Offenders), to clarify that indeterminate terms are preserved under the code for "youthful offenders."

Section 85, as amended by the committee, clarifies that under the provisions of 2C:43–6 (Ordinary Terms of Imprisonment), a court may fix a term of parole ineligibility of up to one-half the custodial term imposed, provided that no defendant could be eligible for parole at a date earlier than that provided under the law governing parole.

**9**

Section 86, as amended by the committee, clarifies 2C:43–7 (Extended Terms of Imprisonment), in the same manner as section 85 does 2C:43–6 (Ordinary Terms of Imprisonment).

By committee amendment, a new section 86A amending 2C:43–9 (First Release of All Offenders on Parole) was added. The purpose of the amendment is to delete reference in 2C:43–9 to a separate parole term. Separate parole term was a concept included in the original draft of the code when it was advocated that all inmates become immediately eligible for parole upon incarceration. Since neither present statutes governing parole nor the pending Parole Act of 1979 envision immediate parole eligibility, the concept of a separate parole term is unnecessary.

Section 87 makes technical amendments to 2C:43–10 (Place of Imprisonment). No substantive changes are made.

Section 88 amends 2C:43–12 (Supervisory Treatment), to clarify that no person would be eligible for pretrial intervention if he was previously convicted of a criminal offense. Section 88 makes several other technical amendments.

Section 89 adds language to 2C:43–13 (Supervisory Treatment Procedure), indicating that the court has the authority to determine the length of the supervisory treatment periods.

Sections 90 and 91 amend 2C:43–15 (Presentation of Proposed Rules at Judicial Conference) and 2C:43–18 (Change or Cancellation of PTI Rules). The changes only delete incorrect language and substitute proper section references.

Section 92 amends 2C:43–21 (PTI Index and Reports), to indicate that no order of expungement or sealing will affect any entry in the index or registry of pretrial intervention information established by the Administrative Office of the Courts.

Section 93 amends 2C:44–1 (Criteria for Withholding or Imposing Sentence of Imprisonment), to permit the prosecution to appeal if a court imposes a noncustodial or probationary sentence for a first or second degree crime. By committee amendment, language was added to 2C:44–1 specifying that when imposing a sentence of imprisonment, the court shall consider the defendant's possible eligibility for parole. The other amendments in section 93 are of a technical nature.

Section 94 amends 2C:44–2 (Criteria for Imposing Fines and Restitutions), for the purpose of language clarification.

Section 95 amends 2C:44–3 (Criteria for Sentence of Extended Term of Imprisonment). As amended by the committee, new language was added to subsection a. of 2C:44–3 with regard to persistent offenders, one of the three categories of defendants eligible for extended terms.

10

The purpose of these amendments was to clarify that the defendant must be 21 at the time of the commission of the crime for which he is to be judged a persistent offender. Under the present language, it is unclear whether the 21 year age provision refers to the date of the crime or the date of sentencing. Language was also added to clarify the two previous convictions necessary to qualify an individual as a persistent offender, the latest of these convictions must be within 10 years of the crime for which the individual is now being sentenced or within 10 years of the date of the defendant's last release from confinement, whichever is later in time.

By committee amendment, language specifically stating that in order for an extended term to be imposed, the prosecuting attorney must make application to the sentencing court was also added to 2C:44-3.

Section 96 basically rewrites 2C:44-4 (Definition of Prior Conviction), for purposes of clarity. There is, however, a significant change in that a conviction in another jurisdiction would constitute a prior conviction of a crime if a sentence of imprisonment in excess of 6 months was authorized.

Section 97 corrects an incorrect cross reference in 2C:44-5 (Multiple Sentences).

Section 98 amends 2C:45-1 (Conditions of Suspension or Probation), to provide payment of a fine as one of the conditions that may be imposed when a court orders suspension or probation. The committee also amended section 98 to reflect the earlier amendments made to section 82.

By committee amendment, language was added to 2C:45-1 indicating that a court may impose community service as a condition of probation.

Section 99 amends 2C:45-2 (Revocation of Probation). The amendment responds to the concern that the power to resentence to a term of imprisonment, following probation revocation, is too restrictive under the code.

By committee amendment, a sentence of imprisonment could always be imposed on revocation, but language was added to 2C:45-2 providing that no revocation of suspension or probation shall be based on failure to pay a fine or make restitution unless such failure was willful.

Sections 101, 102, and 103 are amendment to the titles of 2C:47-1, 2C:47-2 and 2C:47-3, which relate to the Adult Diagnostic and Treatment Center. Section 100 shows these changes in the table of contents for Chapter 47.

Section 104 and 105 correct language omissions in 2C:47-7 and 2C:48-2.

11

By committee amendment, a new section 104A amending 2C:48–1 (Composition of the Criminal Disposition Commission). The purpose of the amendment is to include the chairman of the State Parole Board or his designee on the Criminal Disposition Commission.

Section 106 amends 2C:51–3 (Voting and Jury Service). This section currently provides for the disqualification of persons convicted of crimes from voting and jury services. The amendment would remove the substantive language from the code and provide that these matters be governed by the laws concerning elections and jury service, R. S. 19:4–1 and N. J. S. 2A:69–1, respectively.

Sections 107 through 139 contains a new Chapter 52 dealing with expungement. The chapter developed by the Division of Criminal Justice spells out an equitable system of expungement of indictable and nonindictable offenses as well as of arrest records. The chapter provides for a practical administrative procedure within the Division of State Police which requires isolation of expunged but not obliteration of same. Certain uses of expunged records, such as use by the Parole Board and the Department of Corrections, would be specifically authorized. To offset the administrative costs inherent in the expungement process, a fee up to $30.00 would be charged. The original code provisions would be repealed.

By committee amendment, a new Chapter 65 was added to the code in section 140. Chapter 65 establishes uniform procedures for disposition of stolen property and other documentary exhibits as evidence in criminal cases. One of the main objectives of the chapter is to provide a mechanism whereby stolen property may be returned to its rightful owner prior to the termination of the criminal case in which the property is evidence.

Sections 141, 142, 143 and 144 are blank.

Section 145 amends section 2C:98–2, the repealer section. This section lists all the statutes in Title 2A that are repealed by the code. The amendments remove several statutes from the repealer and place them in 2C:98–3, which saves them from repeal. The sections thus saved from repeal are:

(1) N. J. S. 2A:127–4 makes it a misdemeanor for a person to have a short wave radio operating on frequencies assigned for fire, police, municipal or other governmental uses unless a permit has been issued therefor by the police. Fire, police and governmental officials are excepted.

(2) N. J. S. 2A:151–10 makes it a misdemeanor to offer, sell, lend, lease or give to a person under 18 years of age any firearm, grenade, bomb or other exposive, or the components thereof, or a pistol from

12

which a loaded or blank cartridge may be fired, or loaded or blank cartridges. There is an exception for the minor to borrow a firearm, with his parents' consent, for purposes set forth in N. J. S. 2A:151–11.

(3) N. J. S. 2A:151–11 makes it a misdemeanor or act of juvenile delinquency for any person under 18 years of age to purchase or acquire any firearm, grenade, bomb or other explosive, or the components thereof. There are various exceptions to permit the juvenile to carry, fire or use any firearm in the presence or under the supervision of his parent or guardian, or of a person who holds a permit to carry or a firearms identification card. The exceptions apply when the juvenile uses the firearm for military drill target shooting, or hunting, if he has completed a hunter's safety course, and has a valid hunting license.

(4) N. J. S. 2A:164–24 provides the formula for good time credit against sentence for prisoners committed to any county jail or penetentiary. The formula cannot exceed 1 day for every 6 days of sentence.

(5) N. J. S. 2A:169–3 gives any constable or police officer the power to arrest without warrant, any person committing a disorderly persons offense in such constable or officer's presence.

(6) Laws of 1960, c. 24 (C. 2A:166A–1 to C. 2A:166A–4 both inclusive)-provide for reimbursement to counties for criminal prosecution expenses in connection with the commission of a capital offense by a person while confined to a State penal or correctional institution located in the county. [These sections are currently in both the repealer and thus saved from repeal sections of the code. The New Jersey Budget for Fiscal Year 1979-1980 appropriates $25,000.00 for this compensation. Therefore the statutes should be saved from repeal.]

(7) Laws of 1955, c. 254 (C. 2A:171–1.1 and C. 2A:171–1.2 both inclusive). C. 2A:171–1.1 makes it a disorderly persons offense to buy, sell or trade new or used motor vehicles on Sunday and provides penalties for violations. C. 2A:171–1.2 is the definitions section for C. 2A:171–1.1.

(8) Laws of 1959, c. 119 (C. 2A:171–5.8 to C. 2A:171–5.18 both inclusive). These are the "Sunday Closing Laws" passed in 1959. The law, although effective immediately upon enactment, did not become operative in any county until the voters of the county determined by referendum that it should apply therein. These statutes must be distinguished from the Laws of 1958, c. 138 (C. 2A:171–5.1 to C. 2A:171–5.7 both inclusive) which, although not specifically repealed by the 1959 statutes, are now repealed in the code.

Section 146 amends section 2C:98–3, the "saved from repeal" section. Except for (6), items (1) through (8) listed in the section 145 amendments above, are incorporated by amendment into section 2C:98–3. Item (6) is already in section 2C:98–3.

13

In addition, three other groups of statutes are being put into section 2C:98-3. They are:

(1) Laws of 1975, c. 183 (C. 2A:170-20.11 and C. 2A:170-20.12). The first section requires certain information to be disclosed by telephone solicitors for contributions. The law covers solicitations on behalf of charitable and noncharitable organizations. The second section makes violation a disorderly persons offense.

(2) Laws of 1977, c. 215 (C. 2A:170-77.16 to C. 2A:170-77.18 both inclusive). These statutes are the so-called "term paper" statutes. Although they are now in Title 2A, the violations section specifically states that anyone convicted of violating any provision "shall be guilty of a civil offense." A fine can be levied up to $1,000.00, and there are provisions for injunctive relief.

(3) Laws of 1975, c. 182 (C. 2A:170-90.3 to C. 2A:170-90.5 both inclusive). These statutes deal with execution against or "garnishment" of earnings. The first section contains the definitions. The second section states that no employer can discharge any employee or take any other disciplinary action because the employee's earnings have been garnished. The third section makes violation a disorderly persons offense.

Section 147 repeals the following seven statutes:

(1) 2C:27-8 dealing with selling of political endorsements. This section was found to be duplicative and unnecessary under the revision of Chapter 27, as proposed by the Division of Criminal Justice.

(2) 2C:30-1 (Official Oppression). The rationale for repeal of this section is discussed in connection with the deletion of section 60 of this bill.

(3) N. J. S. 2C:47-6. This section provides that no statute relating to remission of sentence by way of commutation time for good behavior and for work performed, shall apply to any person sentenced to the Adult Diagnostic and Treatment Center. It also requires that provision be made for monetary compensation in lieu of remission of sentence for work performed, in an amount established by the Commissioner of Corrections. The Department of Corrections believes that inmates sentenced to the Adult Diagnostic and Treatment Center should receive commutation credits.

(4) N. J. S. 2C:51-4. This section dealing with expungement and sealing of records is being replaced by the new Chapter 52.

(5) N. J. S. 2C:58-6. This section provides for limited licenses to carry firearms by minors. It is being replaced by the transfer of N. J. S. 2A:151-10 and 2A:151-11 from 2C:98-2 (repealer) to 2C:98-3 (saved from repeal).

14

(6) N. J. S. 2C:58–11. The provisions of this section concerning property rights in weapons and forfeiture of weapons are covered in Chapter 64 of the present code.

(7) P. L. 1970, c. 226, s. 28 (C. 24:21–28). The provisions of this section concerning the expungement of records of arrest, trial and conviction for violations of the "New Jersey Controlled Dangerous Substances Act" by any person 21 years of age or younger at the time of the offense, would now be covered in the new Chapter 52.

————

## ASSEMBLY JUDICIARY, LAW, PUBLIC SAFETY AND DEFENSE COMMITTEE

### STATEMENT TO

# ASSEMBLY, No. 3279

with Assembly committee amendments

# STATE OF NEW JERSEY

### DATED: JUNE 28, 1979

This bill amends and supplements the Code of Criminal Justice (Title 2C of the New Jersey Statutes) to effect changes and additions deemed necessary for enactment to become effective on September 1, 1979, the effective date of the code. The bill, as presented to the Assembly Judiciary, Law, Public Safety and Defense Committee, represents a consensus, on changes and additions, by participating staff representatives of the offices of the Governor, the Attorney General, the Public Advocate and Legislative Services. The bill is the product of months of intensive study and review and reflects the input of literally hundreds of individuals and of all components of New Jersey's criminal justice system.

After signing the New Jersey Code of Criminal Justice in August, 1978, Governor Byrne, recognizing the need for the development of a systematic approach regarding implementation, appointed a coordinating committee, chaired by the Attorney General, to implement the Penal Code. The judiciary, county prosecutors, defense attorneys, police officers, corrections and probation officers, educators and members of the general public are represented on the committee.

The primary function of the Penal Code Implementation Committee has been to use the 13-month period between the enactment date of the code and the effective date of the code, September 1, 1979, to insure the proper education of all members of the criminal justice community with respect to the code and its impact.

As a result, police officers, prosecutors, judges, defense attorneys, corrections and probation officers and representatives of all other inter-related and supporting criminal justice agencies have been and are now in the process of being thoroughly educated with respect to the code. This massive educational program is a cooperative effort by all involved. As of May 23, 1979, the Attorney General reported to the Assembly Judiciary, Law, Public Safety and Defense Committee that "The progress to date has been excellent. At present, all of New Jersey's county prosecutors have been trained. The judiciary is now completing its initial training course for all Superior Court Judges."

2

Approximately 10,000 State, county and municipal police officers have received the required Penal Code training. Municipal court judges, probation and correction officers and members of the defense bar will have received basic Penal Code training prior to June 30, 1979. Thus, to date, an estimated 12,000 individuals have received Penal Code training, and by the summer, all necessary implementation training will have occurred.

One of the key components of this program has been the feedback from the participants. The 13-month period has allowed for a continuous review and discussion of the contents of the Penal Code by the literally thousands of individuals in the criminal justice community. All segments of this community have been able to report on how various aspects of the code might affect them. This process greatly assisted the drafters of this bill in identifying problems and solutions, in creating these consensus amendments to the Penal Code.

This period has also been used by the Assembly Judiciary, Law, Public Safety and Defense Committee in its review of the code, and of the proposed bills to amend the code. Information has been received from all sectors of the criminal justice system. For the past 2 months, the committee has held public hearings and committee meetings to deal with the proposed Penal Code amendments. The committee's review has been extensive and intensive. The following parts of this statement deal section by section with the proposed bill, as amended by the committee.

The Assembly Judiciary Committee amendment to the title reflects the proposed repeal of two additional sections of the code.

Section 1 adds the language "and dispositions" to section 2C:1–1 to cover the situations where offenses occurring before the effective date of the code are disposed of after that date. Unless otherwise provided in the code, the prior law will govern the prosecution and disposition of these offenses.

Section 2 adds a new paragraph to 2C:1–2 stating that nothing in the code is intended to limit the right of a defendant and, subject to the Federal and State Constitutions, the right of the State to appeal.

Sections 3 and 4 amend sections 2C:1–4 and 2C:1–5 to clarify ambiguities concerning the impact of the code on noncode offenses, in particular those offenses not in Title 2A which have not been revised or replaced as a result of the code. Section 2C:1–4 is amended to state that an offense outside the code which is classified as a misdemeanor but provides a penalty of 6 months imprisonment or less shall be now classified as a disorderly persons offense.

3

Section 2C:1–5 is amended to provide that the penalties for noncode offenses shall be continued as specified in the noncode statutes. However, if a noncode offense is classified as a misdemeanor but with no provision for a specific penalty or with a maximum penalty of more than 18 months of imprisonment, the provisions of section 2C:43–1b. shall apply, which makes it a crime of the fourth degree. Also, if the offense is classified as a high misdemeanor, with no specific penalty, it becomes a third degree crime. Title 24 drugs offenses are an exception to these rules, discussed in section 81 of this bill.

Section 5 amends section 2C:1–6 to provide that the statute of limitations does not run while a person is a fugitive. The section also establishes a 5-year statute of limitations for those civil actions (such as forfeiture) in the code. Section 5 also amends 2C:1–6 to permit downgrading of indictable offenses to nonindictable offenses at any time as long as the case was commenced within the statute of limitations applicable to the indictable offense. Finally, the section deletes erroneous references to various sections of the code.

Section 6 amends section 2C:1–8 by inserting the word "criminal" in subsection b. The Assembly Judiciary Committee amendment relocates the words "criminal" so that the section is easier to understand.

Section 7 amends section 2C:1–13 regarding affirmative defenses, adding "or other standard specified in this code" to the general rule that affirmative defenses must be proven by "a preponderance of the evidence." This amendment is necessary because the code requires certain defenses to be proven by a standard other than by "a preponderance of the evidence." Section 6 also adds a new subsection to section 2C:1–13 which states that the burden of proof in any civil action commenced pursuant to the code shall be by "a preponderance of the evidence."

Section 8 provides a definition of "offense" to section 2C:1–14. This would make it clear that the code's procedural and sentencing provisions apply only to "crimes, disorderly persons offenses and petty disorderly persons offenses." The section also defines "county court" in accordance with recent constitutional changes. The Assembly Judiciary Committee amendment adds another new definition to the list of general definitions, to help clarify those sections where it is necessary to determine the value of something.

Section 9 amends section 2C:2–12 to state that the issue of entrapment shall be tried by the "trier of fact," not a "jury." If this section is not amended the issue of entrapment could only be tried by a jury, and not by a judge sitting without a jury.

4

Section 10 amends section 2C:3–7e. (2) by deleting the words "physical injury" and inserting "bodily harm." "Bodily harm" is used throughout the code; "physical injury" is not. The amendment is for consistency in terminology.

Section 11 amends section 2C:3–11d. In that section, as it now reads, there is a reference to "aggravated rape or aggravated sodomy." These words are no longer defined or used in the code, and the amendment would substitute the new, correct language of "aggravated sexual assault or sexual assault."

New sections 11A and 11B have been added by Assembly Judiciary, Law, Public Safety and Defense Committee amendments, to amend 2C:4–1 and 2C:4–2. Insanity is made an affirmative defense, to be proven by a preponderance of the evidence. Mental disease or defect is an ordinary defense, that can be used to negate the mental state requirement of an offense, if the defendant offers evidence to overcome the presumption that a person is of sound mind and intends the natural consequences of his acts. The amendments to sections 12, 13, 14, 15 and 16 and new sections 13A and 13B amend 2C:4–3 through 2C:4–8 in order to make consistent this distinction between the affirmative defense or insanity and the ordinary defense of mental disease or defect. Mental Incompetence replaces Mental Disease or Defect as the name for lack of capacity to proceed to trial. The Assembly Judiciary Committee amendment allows for the appearance of the prosecutor at any commitment proceedings for a person found not guilty by reason of insanity.

Section 2C:4–4 is amended to make clear that there need not be a jury in all cases, including indictable cases, if the defendant waives his right to jury trial.

Section 2C:4–9 is amended to comport with the Supreme Court's opinion in *State* v. *Krol*, 68 N. J. 236 (1975).

Section 17 amends section 2C:5–2 to make clear that it is not a defense to a charge of conspiracy that one or more of the objectives of a conspiracy is not criminal (e.g., approval of a zoning ordinance), provided that the objectives or the means of promoting an objective are criminal (e.g., bribery). Section 2C:5–2f. (2) is amended to eliminate first and second degree crimes from the presumption of abandonment of conspiracy. In general, abandonment of conspiracy is presumed if no overt act in pursuance of the conspiracy occurs during the statute of limitations period. However, since no overt act is necessary in conspiracy to commit crimes of the first or second degree, an exception is made for them.

5

Section 18 amends section 2C:5-4 by rewriting subsection a. The amendatory language puts an attempt or conspiracy to commit a crime of the first degree in the beginning and then combines the language of subsections a. (1) and a. (2) into one sentence. The title of the section is also amended to delete "Multiple Convictions Barred" because that subject matter is no longer covered in this section. These changes are for clarity.

Section 18A is added by the Assembly Judiciary Committee to amend 2C:5-5. The amendment prohibits publication of plans or instructions dealing with the manufacture or use of burglar tools where the intent is to facilitate criminal offenses. In particular, the amendment covers situations where underground telecommunications specifications, "black boxes" and "blue boxes," are published and used to defraud telephone companies.

Section 19 amends section 2C:11-1 so that the "Definitions" subsection refers to Chapters 11 through 15, not 11 through 14. This is necessary because the crime of robbery will become Chapter 15 instead of being Chapter 19, as now in the code.

Section 20 is simply a grammatical change in section 2C:11-2.

Section 21 contains a technical reference change in section 2C:11-3a. More importantly it adds language in subsection b. that provides that the sentences for murder shall be as set forth in that subsection notwithstanding the presumptive sentences set forth in section 2C:44-1f. Without this change it can be argued that murder could not carry a sentence of more than 15 years, as provided in section 2C:44-1f. The Assembly Judiciary Committee amendments clarify the culpability necessary for murder, and comport the section with, and thereby perpetuates, current case law. They also add a new first degree offense, aggravated manslaughter, when an actor, not knowingly or purposely, causes death under circumstances manifesting extreme indifference to human life.

Section 22 amends section 2C:12-1 only by a grammatical change in the last paragraph, and the Assembly Judiciary Committee amendment corrects a spelling error.

Section 23 amends section 2C:13-1c. The subsection is rewritten to put the more serious degree of crime for kidnapping first. It also includes the same saving provision as in the murder statute so that the 15 to 30 year sentence can be read in harmony with the presumptive sentences called for in section 2C:44-1f.

Section 24 amends section 2C:13-3 by adding the words "or legal guardian." This change would now make section 2C:13-3 consistent

6

with section 2C:13-4, making it an affirmative defense to false imprisonment that the accused was a legal guardian, or a relative, attempting to assume legal control of a person under 18.

Section 25 only cleans up language in various parts of 2C:13-4. There are no substantive changes.

Section 26 amends 2C:14-2. The Assembly Judiciary Committee amendments to 2C:14-2 (sexual assault) should be read in combination with the Assembly Judiciary Committee amendments to 2C:24-4 (Endangering Welfare of Children) (see below, section 46). And both sections should be read in the light of 2A:4-42 et seq., the law governing juvenile delinquents and juveniles in need of supervision, which is specifically reaffirmed in 2C:14-2. The Assembly Judiciary Committee amendments, raise the general age of consent to 16, and provide a more comprehensive definition of illegal sexuality with children under 13. If either of the participants in an act of "consensual" sexual penetration is under 13, then there is liability for aggravated sexual assault. No specified age difference between the participants is required. If the victim of such a "statutory rape" is between 13 and 16, and the actor is at least 4 years older, then the actor is liable for sexual assault. If the victim of a "statutory rape" is between 16 and 18 and the actor is a supervisory member of the victim's household, the actor is liable for sexual assault. If the victim of an act of "consensual" sexual contact is less than 13, and the actor is at least 4 years older, then the actor is liable for sexual assault. If the victim of an act of "consensual" sexual contact is between 13 and 16, and the actor is at least 4 years older, then the actor is liable for criminal sexual contact. Aggravated sexual assault is a first degree crime; sexual assault is a second degree crime; criminal sexual contact is a fourth degree crime. The amendments set a minimum age of 13, below which any act of sexual intercourse is criminalized. They also set a general age of consent of 16, with at least a 4-year age difference required for prosecution of sexual intercourse with a victim between 13 and 16, and a 4-year age difference required for prosecution of any sexual contact with a victim up to 16. In special cases, the age of consent is set at 18.

The amendments to 2C:24-4 (section 46 below) broaden the coverage of the law prohibiting, what was formerly called, "contributing to the delinquency of a minor." The amendments broaden liability to "any person" who engages in the prohibited behavior, and specifically lists "sexual conduct which would impair or debauch the morals of the child" as prohibited behavior. Socially unacceptable sexual conduct between a person over 16 and a person under 16, which may not otherwise be covered by 2C:14-2 or 2C:14-3, would be covered by this section, and would be a third or fourth degree crime.

7

In specifically reaffirming 2A:4–42 et seq., the amendments point to another statute which prohibits juvenile sexuality and to the noncriminal disposition of cases involving defendants under 18 years of age. Where there is a violation of 2C:14 or 2C:24, in every case where the defendant is less than 14, and in all but exceptional cases where the defendant is between 14 and 18, the defendant may be adjudged a delinquent, rather than guilty of a crime. Delinquency proceedings are "quasi-criminal," are handled by the Juvenile and Domestic Relations Court, and the law provides a wide variety of possible dispositions (2A:4–61). This same statute also allows for Juvenile and Domestic Relations Court jurisdiction over juveniles in need of supervision (J.I.N.S.). The law provides for a noncriminal, essentially "civil," judicial disposition of cases involving juvenile "immorality" or "deportment which endangers the juvenile's own morals, health or general welfare." These provisions cover socially unacceptable sexual behavior involving persons under 18 years of age which might not be covered by 2C:14 or 2C:24. The provisions also allow for a less punitive treatment of juvenile sexuality than a delinquency, or possibly criminal, proceeding.

With these several amendments, the Assembly Judiciary Committee has addressed the public concern with statutory prohibition of socially unacceptable juvenile sexuality and has attempted to fill the gaps in law. These amendments are a result of several public meetings, at which representatives of numerous public groups and government agencies were consulted. The amendments to 2C:14 and 2C:24 are an attempt to address the legitimate concerns of all the parties, and they provide a more comprehensive coverage of the subject than existing law, and the existing code. The provisions of 2C:14 and 2C:24, as amended have the support of the New Jersey Catholic Conference, which supports the idea of not condoning juvenile sexuality, but at the same time not criminalizing it.

Section 27 has been deleted and will be marked "Blank" on the printed bill.

Section 28 relocates "Chapter 19. Robbery" as Chapter 15 in the code. The reason for this change is that robbery ought more reasonably be placed in "PART 1. OFFENSES INVOLVING DANGER TO THE PERSON" than in "PART 2. OFFENSES AGAINST PROPERTY." The only change in the chapter is the addition of the words "to be included in the phrase" in subsection a. (3). There is no substantive change.

Section 29 only adds an "or" after 2C:17–1a. (1). The Assembly Judiciary Committee amendments make one spelling and one grammatical change.

8

In section 29A the Assembly Judiciary Committee amendments to 2C:17–2 add hazardous wastes and toxic pollutants to the list of harmful or destructive substances, the unlawful release or abandonment of which is made a second degree crime.

Section 30 amends section 2C:17–3 by changing the language in the grading section for clarity.

Section 31 deletes section 2C:17–4 as it now appears in the code. It is rewritten to set forth the amendments to the present law dealing with the matter that were passed by the Legislature in 1976.

Section 32 contains the present Chapter 19, Robbery. It is deleted out and will become Chapter 15. Chapter 19 will now be "BLANK."

Section 33 amends section 2C:20–2 to make clear that unrelated criminal acts embodied in different episodes or transactions are subject to separate prosecutions. There is a further amendment in subsection b. (3) dealing with grading. It only changes language for clarity. The Assembly Judiciary Committee amendment adds horse theft to the list of third degree crimes.

Section 34 amends section 2C:20–5 to require that theft by extortion be both "unlawful" as well as "purposely" in order to avoid the possibility of prosecution of individuals who make "lawful" demands.

Section 35 amends section 2C:20–7 to reincorporate into the code the provisions of N. J. S. 2A:119–2 and thereby clarify that it is a crime to knowingly bring stolen property into this State. The Assembly Judiciary Committee amendment makes a minor grammatical change.

In section 35A, the Assembly Judiciary Committee amendments to 2C:20–10, clarifying that joyriding is a disorderly persons offense, and add horses to the list of specified "means of conveyance," the temporary taking of which is an offense.

In section 35B the Assembly Judiciary Committee amends 2C:20–11, the shoplifting section, to restore present law, and to provide guidelines for the detention and arrest of suspected shoplifters. This amendment outlines a three-step process in cases of suspected shoplifting: the initial detention of a suspect, the arrest of a suspect, the subsequent detention of an arrested suspect. A key provision is that a merchant has an immunity from criminal and civil liability for detaining or arresting a suspect if the merchant has probable cause for the detention or arrest and acts reasonably in the course of the detention. The merchant has, thus, a conditional immunity in such cases, dependent upon his behaving as a reasonable man under the circumstances.

**Section 36 amends section 2C:21–6** which is entitled "Credit Cards." The amendatory language follows closely the language of the present law found in N. J. S. 2A:111–40 et seq., which is considered more complete and easier to enforce.

**9**

In section 36A the Assembly Judiciary Committee amends 2C:21–7, on deceptive business practices, to specifically prohibit the sale of food falsely represented as kosher.

Sections 37, 38, 39, 40 and 41 amend sections 2C:21–9, 2C:21–10, 2C:21–11, 2C:21–13 and 2C:21–15 respectively. There is an amendment to each section dealing with the amount of benefit necessary for each degree of crime. The amendments are technical and for clarity purposes. There is an additional amendment to section 2C:21–11d. The word "not" appears in that section, obviously inadvertently, but its presence makes the whole section inoperative. The word "not" is being deleted.

Section 42 amends section 2C:21–19. There are two amendments. The first, in subsection 2C:21–19b., deletes the language "and may be subject to a fine not to exceed $25,000.00." The offense proscribed here is a second degree crime and there is no sound reasoning to limit the fine for criminal usury to $25,000.00. The Assembly Judiciary Committee amendment raises the limit of possible fines to $250,000.00, above the usual $100,000.00 limit for second degree crimes. This is in consideration of the fact that usury is a monetary crime, sometimes involving large amounts of ill-gotten gains, and its is necessary, in order to achieve the desired deterrent and other appropriate effects of sentencing, to allow the court to impose a fine commensurate with the amounts involved in the crime.

The second amendment is to subsection 2C:21–9f. The words "a nonprofit social service or consumer credit counseling agency" are added to the list of persons not included as "debt adjusters" for the purpose of the section. The amendment is in accord with the language of P. L. 1979, c. 16.

Sections 43, 44 and 45 have been deleted and will be marked "Blank" on the printed bill.

Section 46 amends section 2C:24–4. The Assembly Judiciary Committee amendments to subsection a. are designed to reinstate those aspects of repealed sections 2A:96–3 and 2A:96–4, on debauching or impairing the morals of a child under 16 and contributing to the delinquency of a child, which were not covered by 2C:24–4 as initially enacted. The key provision is in expanding liability under this section from supervisors, of children under 16, to any person who deals with a child under 16. These provisions are intended to be read along with the amendments to 2C:14.

The Assembly Judiciary Committee amendments to subsection b. do two things. Some language is omitted which was felt to be vague, unnecessary surplusage, and other language is inserted which would clarify that using a child in a live sex show is a second degree crime.

10

In section 46A, the Assembly Judiciary Committee amendment deletes the provisions of 2C:24-6, unlawful adoptions, and refers to the provisions of Title 9 which govern the subject. N. J. S. 9:3-39 and 9:3-54, which prohibit adoptions without legal authority and adoptions for consideration, was adopted in 1977, and the provisions of 2C:24-6 were considered to be duplicative and unnecessary.

Section 47 amends section 2C:27-1. The language change in the first line is purely a form matter. The other change, in subsection 2C:27-1a., amends the definition of "benefit" to include "pecuniary benefit" to avoid any argument that a "pecuniary benefit" is not a "benefit" given the different use of the terms in Chapters 27 through 30.

Section 48 amends section 2C:27-2. By amendment, receipt of unauthorized benefits as a public official is made illegal with respect to ministerial as well as discretionary acts. There are other amendments but only as to language for consistency and clarity. There are no other substantive changes. The Assembly Judiciary Committee amendments are as to language for consistency and clarity.

Section 49 amends section 2C:27-3 with a punctuation change and the addition of an "or." The Assembly Judiciary Committee amendments make some minor language change, and delete subsection (4) as being vague, overbroad and substantively covered by other sections of 2C:27.

Sections 50, 51, 52 and 53 amend sections 2C:27-4, 2C:27-6, 2C:27-7 and 2C:27-8 respectively, for consistency and clarity. The Assembly Judiciary Committee amendments are of two kinds. Some are for consistency and clarity. Others are to delete certain sections which, upon review by the Division of Criminal Justice, were found to be vague, overbroad and unnecessary, as their substance is covered by other sections of 2C:27. The deleted sections might have been read as prohibiting legitimate lobbying activities and political contributions.

Section 54 amends section 2C:28-1. That section, governing perjury, is amended to provide that "retraction" of a perjurious statement is not a defense to a charge of perjury if the perjured testimony caused "irreparable harm to any party." For example, if the statute of limitations runs or a witness disappears before a matter can be presented to a grand jury, there would be irreparable harm. Similarly, if after the defendant testifies and the case is "closed" or submitted to the jury, irreparable harm would result.

Section 55 amends section 2C:28-2. The change would make false swearing a crime of the fourth degree, not a disorderly persons offense.

Section 56 has been deleted and will be marked "Blank" on the printed bill.

11

Section 57 amends section 2C:29–2. The language changes are only for clarity and there is no substantive change.

Section 58 amends section 2C:29–4. The changes are only for consistency and clarity and there are no substantive changes.

In section 58A the Assembly Judiciary Committee amends 2C:29–5, on escape, to criminalize an escape by a person civilly committed after being found not guilty by reason of insanity, mental disease or mental defect.

Section 59 amends section 2C:29–6 by adding the words ''an institution'' in subsection a. This would enable this section to cover institutions other than detention facilities, e.g., mental hospitals.

Section 60 has been left blank by Assembly Judiciary Committee amendment, as its original subject matter, 2C:30–1, has been repealed in section 147.

Section 61 amends section 2C:30–2. The amendment deletes the word ''corrupt'' since that phrase is not defined by the code, is not required by existing case law and need not be an element of the offense given the elements required by subsections a. and b. There is also a language amendment to the last paragraph of this section made for consistency and clarity.

Section 62 amends section 2C:30–3 to make clear that a former public servant is liable under this section if he committed unlawful acts while a public servant. There is also a language amendment to the last paragraph of this section made for consistency and clarity.

Section 63 amends section 2C:33–1. The amendment is to subsection b. and changes the language from four to five persons. This seems consistent with the provisions of subsection a. which speaks of a person who participates with four or more others. That makes the basic number five and so it should be in subsection b.

Sections 64, 65 and 66 must be read together. Section 64 amends section 2C:33–12 by deleting the reference to section 2C:56–1. That section is marked ''RESERVED'' in the present code and the reference is a nullity in this section. Section 2C:33–12.1 has been inserted in its stead. As written in section 66 of the amendment bill it creates a new section, 2C:33–12.1. It would provide a procedure for abating a nuisance after a conviction under section 2C:33–12. Section 65 simply adds new section 2C:33–12.1 to the table of contents for Chapter 33.

By committee amendment, a new section 66A amending 2C:33–13 (Smoking in Public) is added. The purpose of this amendment is to clarify that smoking in a public place is to be governed by the municipal ordinance or by the owner or person responsible for the operation of the public place.

12

Section 67 has been left blank by Assembly Judiciary Committee amendment, as it was decided to leave 2C:34-1 intact.

Section 68 amends section 2C:34-5 by deleting "or deviate sexual intercourse." That phrase is not defined in the code and should not remain in this section. The Assembly Judiciary Committee amendments, in turn, substitute the phrase "sexual penetration" for "sexual intercourse," as the former phrase is defined by the code, while the latter phrase is not.

Sections 69, 70 and 71 amend sections 2C:37-2, 2C:37-3 and 2C:37-4, respectively, all in the same manner in the grading subsections. Present language has been deleted new language added so that it will be absolutely clear that a custodial sentence may be given to a person convicted of a gambling offense as well as a fine as provided for by the sections. The Assembly Judiciary Committee amendments to 2C:37-3, Possession of Gambling Records, raise, from a preponderance of the evidence to clear and convincing evidence, the burden of proof a defendant must meet to prove that records in his possession, of a kind commonly used in illegal gambling activities, were not in fact part of illegal gambling activities.

There are further amendments to section 2C:37-3 that provide that certain defenses to gambling charges need only be proven by the defendant by a preponderance of the evidence. These are in 2C:37-3b. (1) and (2).

Section 72 amends section 2C:37-8 and deletes "County" and substitutes "Superior" for the forum where offenses under Chapter 37 shall be tried.

Sections 73, 74, 75, 76, 77, 78, 79 and 80 have been deleted and will be marked "Blank" on the printed bill.

Section 81 amends section 2C:43-1. This section classifies crimes into various degrees. The first amendment to it incorporates the exceptions made by amendments to sections 2C:1-4c. and 2C:1-5b. in the code. The other amendment clarifies the legislative intent to preserve existing sentences under the "Controlled Dangerous Substances Act," P. L. 1970, c. 226. As the general Title 2A authority for imposing sentences on misdemeanors and disorderly persons offenses has been repealed as well as the authority to impose "minimum-maximum" sentences under Title 2A, section 2C:43-1 is intended to retain the authority to impose the maximum sentences established under Title 24. Section 2C:43-1 embodies the only exceptions applicable to Title 24 offenses. Therefore, the section is designed to make clear that, while Title 24 maxima are to control, the sentences are to be imposed as other sentences under the code (i.e., subject to definite terms, and not minimum-maximum sentences) and the other provisions of the subtitle (regarding probation, revocation, fines, restitution, etc.) are to apply.

13

Section 82 amends section 2C:43–2. This section sets forth the various sentence dispositions that can be made under the code. The amendment in subsection a. makes an exception for any disposition provided by the code other than in Chapter 43. The amendment in subsection b. deletes the reference to sections 2C:43–12 and 2C:43–13 (pretrial intervention). There are further minor language changes. The Assembly Judiciary Committee amendments do three things. The first amendment modifies the probation provision to allow the court to sentence a person convicted of a disorderly or petty disorderly persons offense to up to 90 days imprisonment as a condition of probation, and to sentence a person convicted of a crime to up to 180 days imprisonment as a condition of probation. The second amendment adds community-related service to the list of possible sentencing alternatives. The third amendment requires the court to consider and report upon possible parole eligibility as a factor in determining a sentence.

Section 83 amends section 2C:43–3. The amendment is to subsection f. and provides for higher fines than set forth in this section if authorized by another code section or any other statute. The present language reads only "authorized by statute," so this amendment is for clarification.

Section 84 amends section 2C:43–5 to clarify that indeterminate terms are preserved under the code for "youthful offenders."

Section 85, as amended by the Assembly Judiciary Committee, amends section 2C:43–6. This section fixes the ordinary terms of imprisonment for the four degrees of crime. The first amendment provides an exception for different terms fixed by other sections of the code. The first amendment to subsection b. makes it clear that a court may fix a term of parole ineligibility of up to, but not to exceed, one-half of the custodial term imposed for a first or second degree crime, provided that the parole ineligibility term set must be at least as long as the term of incarceration that would be served under the parole laws. This latter provision is necessary in order not to conflict with the parole laws. The second amendment to subsection b. deletes the reference to the extra parole term which was in 2C:43–9, but which is being deleted by section 86A.

Section 86, as amended by the Assembly Judiciary Committee, amends section 2C:43–7. This section fixes the extended terms of imprisonment. The amendments are similar to those made in section 2C:43–6 and permit a court to fix a term of parole ineligibility not to exceed one-half of the custodial term imposed. They also permit the setting of a period of 25 years for parole ineligibility where the sentence imposed was life imprisonment and the reference to 2C:43–9 is deleted.

14

In section 86A the Assembly Judiciary Committee amendment deletes the provision for a separate parole term, deferring the subject to the law governing parole.

Section 87 amends section 2C:43–10. The principal amendment is in subsection c. and pertains to sentences for less than 1 year. The language ''having a workhouse or penitentiary'' provides an exception for Bergen county, which although a first class county, has neither. The other amendment merely changes the court reference from ''County'' to ''Superior.''

Section 88 contains technical amendments to section 2C:43–12. The phrase ''The Supervisory Treatment Act'' in subsection a. is replaced by the appropriate section numbers in Chapter 43. The other amendment is also in subsection a. The present language states that pretrial intervention should ordinarily be limited to persons who have not been previously convicted of any criminal offense under New Jersey law, and under the law of the United States or any other state only after the *effective date of the code* (emphasis added). The amendment would delete this obvious inconsistent provision. Failure to make this change would lead to this result: A person convicted of armed robbery in Pennsylvania in 1978 could contend he is eligible for pretrial intervention consideration after September 1, 1979. The Assembly Judiciary Committee amendment clarifies requirements of subsection e.

Section 89 amends section 2C:43–13. The only substantive amendment is in subsection c., where the language ''as determined by the designated judge or the assignment judge'' is added to provide who fixes the length of the supervisory treatment period.

Sections 90 and 91 amend sections 2C:43–15 and 2C:43–18. The changes are only deletions of incorrect language and substitution of proper section references.

Section 92 amends section 2C:43–21. Subsection d. is added to provide that no order of expungement or sealing will affect any entry in the index or registry of pretrial intervention information established by the Administrative Office of the Courts.

Section 93 amends section 2C:44–1. With the exception of the amendments to subsections c. and f., all the other changes in section 2C:44–1 are either language changes or deletions for clarity, punctuation changes, or changes from the word ''offense'' to ''crime'' where necessary.

New paragraph 2C:44–1c(2) requires the court to consider the defendant's parole eligibility when deciding on his sentence.

Section 2C:44–1f. has two changes. The first is the exception for the crime of murder or kidnapping from the presumptive sentences in

15

subsection f. The cross reference to section 2C:44–1f. has been previously mentioned in the sections dealing with the amendments to the murder and kidnapping sections in the code. The other change would permit the prosecution to appeal if a court imposes a noncustodial or probationary sentence for a first or second degree crime.

Section 94 amends section 2C:44–2. The only changes are in the language for clarity purposes.

Section 95 amends section 2C:44–3. This section contains the criteria for imposing a sentence of extended term. The principal amendment is in subsection a. and it clears up ambiguous language in this persistent offender section. The change states that the defendant must be 21 at the time of the commission of the offense (emphasis added). The present language leaves it unclear whether the 21 year age provision pertains to the crime date or the sentence date. The other change in this subsection is only a language change for clarity.

The changes in subsections b. and c. delete "offense" and insert "crime." This is the extended term section and only applies to crimes, so "offense" is not the right word. The first Assembly Judiciary Committee amendment clarifies that only the prosecutor may apply for an extended sentence. The other amendment clarifies the definition of a persistent offender.

Section 96 amends section 2C:44–4. The entire section has been rewritten so that it is definitive and not merely a cross reference for other sections. There is, however, a significant change in that a conviction in another jurisdiction would constitute a prior conviction of a crime if a sentence of imprisonment in excess of 6 months was authorized. This would put the time period in harmony with the code definition of a crime in section 2C:1–4.

Section 97 amends section 2C:44–5 by correcting a cross reference to a code section in subsection f. (1).

Section 98 amends section 2C:45–1 by adding subsection (11) under subsection b. to provide payment of a fine as one of the conditions that may be imposed in a court order for suspension of sentence or probation. The Assembly Judiciary Committee amendments do two things. The first amendment adds community-related service to the list of possible court ordered conditions of probation. The second amendment allows for the split sentencing provided for and described in section 82, amending 2C:43–2.

Section 99, as amended by the Assembly Judiciary Committee, amends section 2C:45–3. The amendment is in response to concerns that the power to resentence to a term of imprisonment, following probation revocation, is too restrictive under the code. These amendments broaden

16

the power of a court to incarcerate a defendant following probation revocation, but provide that no revocation shall be based on failure to pay money, unless the failure was willful.

Sections 101, 102 and 103 are amendments to the titles of sections 2C:47–1, 2C:47–2 and 2C:47–3. Section 100 shows these changes in the table of contents for Chapter 47.

Section 104, as amended by the Assembly Judiciary Committee, amends section 2C:47–7. There was a language omission in the last sentence of this section and the amendment corrects it. A minor language clarification is also made.

In section 104A, the Assembly Judiciary Committee increases the membership of the Criminal Disposition Commission to eleven, by adding a representative of the State Parole Board.

Section 105 amends section 2C:48–2. The word "to" was omitted at the end of the second line. It has been added.

Section 106 amends section 2C:51–3. This section, as written, provides for the disqualification of persons convicted of crimes from voting and jury services. The amendment would remove the substantive language from the code and provide that these matters be governed by the laws concerning elections and jury service, R. S. 19:4–1 and N. J. S. 2A:69–1, respectively.

Sections 107 through 139 contain the table of contents and the 32 sections of new Chapter 52. This chapter spells out an equitable system of expungement of indictable and nonindictable convictions, as well as of arrest records following disposition favorable to defendant. It provides for a practical administrative procedure within the Division of State Police which requires isolation of expunged records but not obliteration of same. Certain uses of expunged records are specifically authorized. This section would save the State substantial amounts of money which would have to be expended under the expungement provisions as enacted. It also permits the State to be reimbursed for certain costs incurred in processing expungements. The Assembly Judiciary Committee amendments are for clarity and consistency of language.

In section 140, the Assembly Judiciary Committee amendment inserts a new Chapter 65 into the code providing for a fair and effective procedure for returning stolen property to victims, while retaining adequate evidence for criminal prosecution. These provisions follow the procedures already used in many jurisdictions, and have proven to be workable.

Sections 141, 142, 143 and 144 have been deleted and will be marked "Blank" on the printed bill.

Section 145 amends section 2C:98–2, the repealer section. This section lists all the statutes in Title 2A that are repealed by the code. The

17

amendments remove several statutes from the repealer and place them in 2C:98-3, which saves them from repeal. The sections deleted are:

(1) N. J. S. 2A:127-4 makes it a misdemeanor for a person to have a short wave radio operating on frequencies assigned for fire, police, municipal or other governmental uses unless a permit has been issued therefor by the police. Fire, police and governmental officials are excepted.

(2) N. J. S. 2A:151-10 makes it a misdemeanor to offer, sell, lend, lease or give to a person under 18 years of age any firearm, grenade, bomb or other explosive, or the components thereof, or a pistol from which a loaded or blank cartridge may be fired, or loaded or blank cartridges. There is an exception for the minor to borrow a firearm, with his parents' consent for purposes set forth in N. J. S. 2A:151-11.

(3) N. J. S. 2A:151-11 makes it a misdemeanor or act of juvenile delinquency for any person under 18 years of age to purchase or acquire any firearm, grenade, bomb or other explosive, or the components thereof. There are various exceptions to permit the juvenile to carry, fire or use any firearm in the presence of or under supervision of his parent or guardian or a person who holds a permit to carry or a firearms identification card. The exceptions apply when the juvenile will use the firearm for military drill traget shooting, or hunting, if he has completed a hunter's safety course, and has a valid hunting license.

(4) N. J. S. 2A:164-24 provides the formula for good time credit against sentence for prisoners committed to any county jail or penetentiary. The formula cannot exceed 1 day for every 6 days of sentence.

(5) N. J. S. 2A:169-3 gives the power to arrest a person without warrant to any constable or police officer for any disorderly persons offense committed in his presence.

(6) Laws of 1960, c. 24 (C. 2A:166A-1 to C. 2A:166A-4 both inclusive) provide for reimbursement to counties for criminal prosecution expenses in connection with the commission of a capital offense by a person while confined to a State penal or correctional institution located in the county. These sections show in the code in both the repealer and saved from repeal sections. The New Jersey Budget for Fiscal Year 1979-1980 appropriates $25,000.00 for this compensation. Therefore, the statutes should be saved from repeal.

(7) Laws of 1955, c. 254 (C. 2A:171-1.1 and C. 2A:171-1.2 both inclusive). C. 2A:171-1.1 makes it a disorderly persons offense to buy, sell or trade new or used motor vehicles on Sunday and provides penalties for violations. C. 2A:171-1.2 is a definition section for C. 2A:171-1.1.

(8) Laws of 1959, c. 119 (C. 2A:171-5.8 to C. 2A:171-5.18 both inclu-

18

sive). These are the "Sunday Closing Laws" passed in 1959. The law, although effective immediately upon enactment, did not become operative in any county until the voters of the county determined by referendum that it should apply therein. These statutes must be distinguished from the Laws of 1958, c. 138 (C. 2A:171-5.1 to C. 2A:171-5.7 both inclusive) which although not specifically repealed by the 1959 statutes are now repealed in the code.

The Assembly Judiciary Committee amendment removes from the repealer list two statutes already repealed, between the time of the drafting of the code and its upcoming effective date.

Section 146 amends section 2C:98-3, the "saved from repeal" section. Except for (6), items (1) through (8) listed in the section 145 amendments above, are incorporated by amendment into section 2C:98-3. Item (6) is already in section 2C:98-3.

In addition three other groups of statutes are being put into section 2C:98-3. They are:

(1) Laws of 1975, c. 183 (C. 2A:170-20.11 and C. 2A:170-20.12). The first section requires certain information to be disclosed by telephone solicitors for contributions. The law covers solicitations on behalf of charitable and non-charitable organizations. The second section makes violation a disorderly persons offense.

(2) Laws of 1977, c. 215 (C. 2A:170-77.16 to C. 2A:170-77.18 both inclusive). These statutes are the so-called "term paper" statutes. Although they are now in Title 2A the violations section specifically states that anyone convicted of violating any provision "shall be guilty of a civil offense." (Emphasis added). A fine can be levied up to $1,000.00 and there are provisions for injunctive relief.

(3) Laws of 1975, c. 182 (C. 2A:170-90.3 to C. 2A:170-90.5 both inclusive). These statutes deal with execution against or "garnishment" of earnings. The first section contains the definitions. The second section states that no employer can discharge any employee or take any other disciplinary action against him because his earnings have been subjected to a garnishment. The third section makes violation a disorderly persons offense.

Section 147, as amended by the Assembly Judiciary Committee, repeals seven statutes. They are:

(1) N. J. S. 2C:47-6. This section provides that no statute relating to remission of sentence by way of commutation time for good behavior and for work performed shall apply to any person sentenced to the Adult Diagnostic and Treatment Center. It further states that provision shall be made for monetary compensation in lieu of remission of sentence for work performed, the amount to be established by the Commissioner of Corrections.

(2) N. J. S. 2C:51–4. This is the section in the present code dealing with expungement and sealing of records. It is being replaced by new Chapter 52.

(3) N. J. S. 2C:58–6. This section provides for the limited licenses to carry firearms by minors. It is being replaced by the transfer of N. J. S. 2A:151–10 and 2A:151–11 from 2C:98–2 (repealer) to 2C:98–3 (saved from repeal).

(4) N. J. S. 2C:58–11. This section deals with property rights in weapons and forfeiture of weapons. The forfeiture of guns is covered in present Chapter 64 of the code.

(5) P. L. 1970, c. 226, s. 28 (C. 24:21–28). This section provides for the expungement of records of arrest, trial and conviction for violations of the "New Jersey Controlled Dangerous Substances Act" by any person 21 years of age or younger at the time of the offense. The subject matter would now be covered in the new Chapter 52.

(6) N. J. S. 2C:27–8. This section prohibits selling political endorsements and trading in special influence. It is being repealed as being overbroad and unnecessary, the subject being covered by other sections of Chapter 27.

(7) N. J. S. 2C:30–1. This section prohibits official oppression. It is being repealed as being overbroad and unnecessary, the subject being covered by other sections of Chapter 30.

## COMMITTEE STATEMENT

In addition to the committee amendments included in the "Advance Copy of the Official Copy Reprint," the committee adopted "Additional Assembly Committee Amendments" prior to reporting the bill; these additional amendments are designed to conform the text of the bill to Senate Bill No. 3203 as reported with Senate committee amendments. The additional Assembly committee amendments will be indicated in the Official Copy Reprint by "** .... **".

FOR IMMEDIATE RELEASE                           FOR FURTHER INFORMATION

AUGUST 29, 1979                                 PAT SWEENEY

     In a public ceremony in his office, Governor Brendan Byrne today signed four bills which are amendments to the Penal Code.

     "The amendments make the New Jersey Code of Criminal Justice the most modern in the country.  It replaces vagueness and uncertainty with a sureness in sentencing that should eliminate any disparity in penalties imposed on similar crimes.

     "This is the first major revision of the New Jersey criminal laws in two centuries.  It is a good revision, but it will take some experience before we can see if it's exactly what New Jersey needs," the Governor said.

     "The new Penal Code is tough on street crime, firm and precise on sentencing, and more streamlined  because of its elimination of unnecessary and archaic laws," Byrne said.  The Code takes effect September 1, 1979.

     S-3203, known as the Consensus Amendments, was sponsored by Senator Martin L. Greenberg (D-Essex) and Assemblyman Martin A. Herman (D-Gloucester), implements 13 major improvements, including:

     — It provides prosecutors, to the extent constitutionally permitted, the right to appeal, including the right to challenge sentences which are manifestly too lenient;

     — It strengthens the murder provisions by adding a section on aggravated manslaughter and redefining the intent requirement for murder;

     — It modifies the sex offenses provisions to retain the "age of consent" at 16. A provision prohibiting "impairing the morals of a minor" was added in connection with the "age of consent" section.

     — It adds a provision making it a second degree offense to dispose of hazardous waste illegally, carrying severe penalties  with the offense;

     — It adds prohibitions on bringing stolen property into the State;

     — It adds comprehensive credit card fraud provisions;

     — It strengthens and makes more comprehensive the bribery and misconduct in office provisions;

—continued—

-2-

    -- It recognizes community service as a sentencing alternative;

    -- It requires that the judge consider the parole release date in imposing sentence and clarifies sentencing for drug offenses;

    -- It establishes a comprehensive statutory scheme for the expungement of criminal records;

    -- It establishes a procedure for the expeditious return of stolen property to victims; and

    -- It corrects the repealer section of the Code by maintaining the Sunday closing laws as they presently exist.

    **S-3329**, known as the Firearms Amendments, also sponsored by Senator Greenberg and Assemblyman Herman, effects amendments that accommodate concerns of sports and collector enthusiasts without compromising one of the nation's strictest gun control provisions.

    **S-3330**, known as the Probation Amendments, also sponsored by Senator Greenberg and Assemblyman Herman, strengthens the Code's probation provisions to allow more adequate court supervision over probationers.  It gives probation officers powers of arrest.  It also gives the court power to impose a custodial sentence for a violation of the terms of probation and to increase the probationary term under appropriate circumstances.

    **A-3451**, sponsored by  Eugene H. Thompson (D-Essex), amends the municipal courts jurisdiction statutes in two respects:

    -- It gives the courts jurisdiction over the Penal Code's disorderly and petty disorderly persons offenses, and

    -- It enumerates those indictable offenses which may be tried in municipal courts upon waiver of indictment and trial by jury by making reference to the appropriate Penal Code chapters.  This section also adds a new provision requiring the written consent of the county prosecutor before the municipal court can exercise jurisdiction over indictable offenses.  This provision is intended to prevent waiver of the more serious violations.

                        *# # # #*
        is not enacted and is intended to be omitted in the law.