**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VINCENT LABARBIERA,

    *Plaintiff*,

  v.

JOSEPH VARTOLONE, ET AL.,

    *Defendants*.

Civil Action No. 21-cv-3400

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Presently before the Court is Plaintiff's motion to remand this case to state court. D.E. 8. Defendant Christopher DiPiazza filed a brief in opposition, D.E. 14, which Defendants Joseph Vartolone and Jeanne Weber joined (collectively, the "Individual Defendants"), D.E. 15.[1] Plaintiff filed also filed a reply brief.[2] D.E. 17. The Court reviewed all the submissions in support and opposition to the motion and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons discussed below, Plaintiff's motion to remand is **GRANTED**.

---

[1] Defendant Borough of Paramus filed a letter stating that it takes no position on the motion to remand. D.E. 16.

[2] Plaintiff's brief in support of his motion to remand, D.E. 8-4, is referred to as "Plf. Br."; Defendants' brief in opposition, D.E. 14, is referred to as "Defs. Opp."; and Plaintiff's reply, D.E. 17, is referred to as "Plf. Reply".

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Briefly, Plaintiff is a resident of Paramus, New Jersey, and the son of Paramus' mayor.[3] Am. Compl. ¶¶ 10-11.  In late 2019, Paramus sought to hire twelve new police officers, *id.* ¶ 20, and Plaintiff applied, *id.* ¶ 21.  The police committee, who is responsible for hiring (the "Committee"), ranked Plaintiff ninth out of ten candidates that they unanimously recommended for the job.  *Id.* ¶¶ 24, 27.  Plaintiff alleges that the Borough of Paramus Council (the "Council") does not have discretion in hiring police candidates and is supposed to approve the Committee's selections.  *Id.* ¶ 46.  Three members of the Council, however, repeatedly refused to approve Plaintiff's appointment as a police officer.  *Id.* ¶¶ 29, 33-34, 41, 59-60, 67-69, 75.  Plaintiff alleges that these members, the Individual Defendants in this matter, continuously refused to hire Plaintiff to force the Mayor to resign.  *Id.* ¶¶ 58, 73.  In 2021, after the initial Complaint was filed in this matter, Plaintiff's appointment was eventually approved, and he was sworn in as a Paramus police officer.  *Id.* ¶¶ 76, 78.

On April 15, 2020, Plaintiff filed a Complaint in the Superior Court of New Jersey Law Division, Bergen County that solely asserted state law claims.  Notice of Removal ("NOR") ¶ 1. Plaintiff filed his Amended Complaint in state court on February 9, 2021.  The Amended Complaint includes new factual allegations based on events that occurred after Plaintiff filed his initial Complaint, including Plaintiff's hiring, and several new causes of action.  *Id.* ¶ 4.  Like the initial Complaint, the Amended Complaint only asserts state law claims, pursuant to the New Jersey Civil Rights Act ("NJCRA") and the common law.

---

[3] The factual background is taken from Plaintiff's Amended Complaint ("Am. Compl.)".  D.E. 1-3.

On February 24, 2021, DiPiazza removed the matter to this Court. DiPiazza argued that paragraph 52 of the Amended Complaint raises a federal claim, such that this Court has federal question jurisdiction. *Id.* ¶ 5. Paragraph 52 states as follows:

> The actions of Defendants DiPiazza, Vartolone and Weber, both in their capacity as council members and individually, violate the clear mandates of the Paramus Borough Code and State law, including but not limited to the New Jersey Civil Rights Act, as well as Federal law and the United States Constitution, including but not limited to 42 U.S.C. § 1983.

Am. Compl. ¶ 52. Plaintiff subsequently filed his motion for remand, arguing that this matter must be remanded because he does not assert any federal claims. D.E. 8.

## II. STANDARD OF REVIEW

"Federal courts are not courts of general jurisdiction." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986). Rather, to adjudicate a case, a federal district court must have subject matter jurisdiction through "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Therefore, a district court must presume that it lacks jurisdiction over a matter unless jurisdiction is shown to be proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Pursuant to the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). A district court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties about the current state of controlling substantive law in favor of the plaintiff." *Boyer v. Snap-On*

3

*Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Steel Valle Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

### III.  ANALYSIS

As discussed, Defendant DiPiazza removed this matter based on a purported federal question. NOR ¶ 5. A court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, if the complaint "establishes that federal law create[s] the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *ACR Energy Partners, LLC v. Polo N. Country Club, Inc.*, 143 F. Supp. 3d 198, 202 (D.N.J. 2015). In determining whether a complaint alleges a federal question, courts are guided by the well-pleaded complaint rule. According to the rule, "a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim." *Concepcion v. CFG Health Sys. LLC*, No. 13-2081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013). Plaintiff does not assert any federal claims here; Plaintiff asserts multiple state civil rights and tort claims. Thus, on its face, the well-pleaded complaint rule is not satisfied.

Defendants argue that by mentioning Section 1983 in paragraph 52 and through other paragraphs in the Amended Complaint, Plaintiff appears to assert a procedural due process claim. Defs. Opp. at 6. Defendants continue that considering these allegations, the Court should consider the Amended Complaint through the "artful pleading doctrine." *Id.* The Supreme Court has explained that at times, a federal court must "determine whether the real nature of the claim is federal, regardless of plaintiff's characterization." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981). Under the "artful pleading" doctrine, "a plaintiff may not defeat removal by

omitting to plead necessary federal questions." *Goepel v. Nat'l Postal Mail Handlers Union, a Div. of Liuna*, 36 F.3d 306, 310 (3d Cir. 1994). But at the same time, as "master of [his] complaint," Plaintiff is at liberty to raise or not raise federal claims. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). That is precisely what occurred here. Plaintiff explains that although he considered asserting a Section 1983 claim, he "desired to litigate the case in state court and as a result, the draft count pertaining to 42 U.S.C. § 1983 was intentionally deleted." Plf. Br. at 12. Plaintiff continues that his reference to Section 1983 in paragraph 52, however, "was inadvertently not deleted." *Id.* Plaintiff is clearly permitted to make the strategic decision of omitting federal claims from his pleading to remain in state court. And even if the reference to Section 1983 was not an oversight, Plaintiff still did not raise a federal question because no Section 1983 (or other federal) claims are asserted.

As for Defendants' argument regarding the procedural due process claim, the NJCRA "protects invasions of substantive due process" and procedural due process claims arise under federal law. *Major Tours, Inc. v. Colorel*, 799 F. Supp. 2d 376, 405 (D.N.J. 2011) (explaining that "[t]he NJCRA was specifically amended to limit the legislation's scope to substantive due process"). Consequently, if Plaintiff intends to assert a procedural due process claim, a federal question exists even if Plaintiff wants his case to remain in state court. Plaintiff, however, does not assert a procedural due process claim in the Amended Complaint. Plaintiff contends that his reference to Section 1983 is "extraneous material" that is not related to any of his asserted claims. Plf. Br. at 12-13. Moreover, in his reply brief, Plaintiff reiterates that he is not asserting a procedural due process claim. Plf. Reply at 3. Accordingly, Plaintiff only seeks relief under the New Jersey Constitution. The artful pleading doctrine, therefore, is not implicated here.

Because Plaintiff does not assert any federal claims, this Court lacks subject matter jurisdiction, and the matter must be remanded.

In his reply brief, Plaintiff argues that he is entitled to attorney's fees pursuant to 28 U.S.C. § 1447(c). Plf. Reply at 6. Defendant DiPiazza filed a letter responding to Plaintiff's reply brief. In his letter, DiPiazza maintains that Plaintiff's argument regarding fees is a new and is improperly raised in the reply brief. D.E. 18. DiPiazza is correct that this Court typically does not consider new arguments in a reply brief, provided that the arguments could have been raised before. *See Cobra Enters., LLC v. All Phase Servs., Inc.*, No. 20-4750, 2020 WL 2849892, at *1 (D.N.J. June 1, 2020) ("As a matter of procedure, this Court will not accept arguments offered for the first time in the reply brief, as they were not properly asserted in the opening brief and Plaintiffs have not had the opportunity to respond to them."). But Plaintiff's argument regarding fees is based on the fact that Defendants opposed Plaintiff's motion for remand even after being informed that Plaintiff did not assert a Section 1983 claim in the Amended Complaint. Plf. Reply at 7. As a result, the Court will consider Plaintiff's argument for fees.

28 U.S.C. § 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court articulated the following guidelines for determining whether to award attorney's fees under 28 U.S.C. § 1447(c):

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (internal citations omitted). Moreover, courts in this district award costs "where the complaint clearly does not state a claim removable to federal court or where minimal research would have revealed the impropriety of removal."

6

*Gloucester Cnty. Improvement Auth. v. Gallenthin Realty Dev., Inc.*, No. 07-5328, 2008 WL 336784, at *8 (D.N.J. Feb. 5, 2008); *see also Ruiz v. Woodland Park Obgyn, LLC*, No. 15-8300, 2016 WL 158522, at *4 (D.N.J. Jan. 13, 2016) (refusing to impose costs because removal was not "frivolous," nor did "it lack[] a reasonable foundation"). Ultimately, the decision to award costs is a discretionary matter. *Ruiz*, 2016 WL 158522, at *4.

The current matter is a close call. Ultimately, however, the Court cannot definitively conclude that there was no objectively reasonable basis for DiPiazza to remove this matter. As discussed, although Plaintiff did not explicitly assert any federal claim, he referenced Section 1983 in the pleading. Based on this reference and factual allegations in other paragraphs, Defendants believed that Plaintiff was intending to assert a procedural due process claim. Because a procedural due process claim cannot arise under state law, Defendants' decision to remove this matter was not baseless. As a result, the Court declines to award attorney's fees.

Therefore, for the reasons set forth above and for good cause shown,

IT IS on this 15th day of September, 2021

**ORDERED** that Plaintiff's motion to remand, D.E. 8, is **GRANTED**; and it is further

**ORDERED** that this action is remanded to the New Jersey Superior Court, Law Division, Bergen County; and it is further

**ORDERED** that the Clerk's Office is direct to close this matter.

                                                    John Michael Vazquez, U.S.D.J.